### ANDERSON SEARCY v. THE STATE.

*No. 6727.   Decided May 14.*

**Practice—Evidence.—A** Confession to be admissible at all against the defendant must be freely made and without compulsion or persuasion, and if the party is in jail it must be made voluntarily after having first been cautioned that it may be used against him. If it be induced by a person in authority, either by promise creating in the mind of the accused a hope of benefit, or by threat creating fear, the confession is not admissible in evidence. See this case in illustration.

APPEAL from the District Court of Brazos. Tried below before Hon. J. N. Henderson.

This conviction was for the theft of money in excess of $20, and the penalty assessed by the verdict was a term of five years in the penitentiary.

The question determined by the appeal does not require a statement of the evidence.

*Ford & Doremus,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. — But a single question is necessary to be determined on this appeal, and that is as to the admissibility of the defendant's confessions to the witness Dawson. Dawson was the sheriff of Brazos County, and as such arrested the defendant. Defendant made two confessions to Dawson. The first just after his arrest and when the sheriff was taking him to jail. Dawson then said to defendant, "there is no doubt but that you are one of the guilty parties, and if you will tell me

all about it, so I can get all the guilty parties, I will do what I can for you in your case. It may be of interest to you, and to me, too." But he also told him that whatever he told him about it would be used as evidence against him. Defendant then confessed his guilt.

A second confession was made by defendant after he was in jail. He sent for Dawson and told him that he wanted to tell him all about the case. Dawson informed the defendant that "whatever he said would be used in evidence against him (defendant), but if he would tell him all about it, so that he could get all the parties, he would do what he could for him in his case." Defendant then confessed his connection with the crime.

The first confession was excluded as evidence from the jury. The second was permitted to be introduced as evidence over objections of defendant.

A confession, to be admissible at all, must be freely made, and without compulsion or persuasion, and if the party is in jail it must be made voluntarily, after having first been cautioned that it may be used against him. Code Crim. Proc., arts. 749, 750. The confession is not admissible unless it was voluntarily and freely made, uninfluenced by persuasion or compulsion, not induced by any promise creating hope of benefit, or any threats creating fear of punishment.

Mr. Wharton says: "It has generally been held that any advice to a prisoner by a person in authority telling him it would be better for him to confess vitiates a confession induced by it. Lately, however, this has been greatly qualified, and it is now held that there must be a positive promise made or sanctioned by a person in authority to justify the exclusion of the confession." Whart. Crim. Ev. (8 ed.), sec. 651. He further says: "In conclusion, we may hold that a confession is only to be excluded on the ground of undue influence where it is elicited by temporal inducement, *e. g.,* by threat, promise, or hope of favor held out to the party in respect to his escape from the charge against him by a person in authority, under circumstances likely to lead to a false statement, or where there is reason to presume that such person appeared to the party to sanction such a threat or promise. If the influence applied was such as to make the defendant believe his condition would be better by making a confession, true or false, this excludes; but if not, the confession is admissible." Id., 673; Thompson v. The State, 19 Texas Ct. App., 593; Neeley v. The State, 27 Texas Ct. App., 324; Willson's Crim. Stats., sec. 2472.

Here the sheriff told the defendant "if he would tell him all about it, so that he could get all the parties, *he would do what he could for him in his case.*" This was not only a promise, but a persuasive and a positive one by an officer high in authority, and one in every way calculated to make the defendant believe that his condition would be bettered by making the confession.

We are of opinion that the confession was inadmissible, and for error in its admission the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.