JOHN DARNELL v. THE STATE.

No. 9269.    Delivered June 17, 1925.

1.—Robbery—Confession—When Voluntary—Charge of Court.

Where there is any question raised by the evidence, as to the voluntary character of a confession made by appellant, this issue should be submitted to the jury, under an instruction that unless such confession was voluntarily made, not to consider same, and it was error in the instant case for the court to fail to so instruct the jury. See Thompson v. State, 19 Tex. Crim. App. 590 and other cases. Wharton Crim. Ev. (8th Ed.), Sec. 651.

2.—Same—Confessions—When Admissible—Rule Stated.

A confession to be admissible in evidence against a defendant, must have been freely made, without compulsion or persuasion, and it must be voluntarily made after the party was first cautioned that same might be used against him. The confession is not admissible unless it was voluntarily made, uninfluenced by persuasion or compulsion, and not induced by any promise creating hope of benefit, or any threats creating fear of punishment. Following Searcy v. State, 13, S. W. 782 and other cases.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of robbery; penalty, five years in the penitentiary.

The opinion states the case.

*J. W. Culwell,* and *A. M. Mood,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Potter County for the offense of robbery and his punishment assessed at confinement in the penitentiary for a term of five years.

The facts from the standpoint of the state show that appellant as a result of a conspiracy with two other parties robbed the prosecuting witness of about $50.00 at the time alleged in the indictment. As a part of the state's case, appellant's confession was introduced in evidence. This confession shows on its face that it was made to Clark Cain and Lloyd Fletcher. The record shows that Clark Cain was at the time Chief of Police of Amarillo and Fletcher was the district attorney of the Amarillo district. Before the confession was introduced the witness Cain testified that the appellant said: "Will you fellows help me in this" and I said "Yes, I will." I said "I will do what I can for you."

"He asked me if I could help him, and I told him that I would as much as I could. I don't remember if Mr. Fletcher was there when I told John this, I don't just remember that. I don't know how long it was after I told him that before this statement was signed. Now this might have happened, he might have told me this the evening or the night before this; it seemed to me like he did tell me the night before that, there in my office; that he said, 'I can tell you some things', and did go on and tell me. I could tell you what he told me, but it would take quite a little while. After he had told me some things, then he asked me if I would help him or if I could help him, and I told him I would, I said, 'Yes, if I can I will.' I rather think that was the night before, or propably the same morning. I was present when Mr. Fletcher reduced this to typewriting. Mr. Fletcher did not promise to help him in any way. I had already told him that I would do what I could for him. The defendant was under arrest at the time."

The witness further testified that the district attorney never promised John Darnell any consideration or anything, and that he didn't think the district attorney was present when the witness told Darnell he would do all he could for him.

The district attorney testified that he made no promise of any kind to the appellant in order to procure this statement and that he did not hear the Chief of Police make him any promise of any immunity in the transaction.

The appellant testified that the Chief of Police had a conversation with him while in jail and told him that if he would get up and tell who did the robbing, they would turn him aloose, and that before he signed the statement introduced in evidence that he had a short conversation with the district attorney and that he told the district attorney what Cain had told him and the district attorney said that was all right, they would turn him aloose if he would get up and tell it. Appellant also testified that he did not know that the confession contained the statement that he did not have to make any statement whatever and if he did make any statement about the matter that it could be used in evidence against him.

The court attempted to submit to the jury the voluntary character of this statement as he was authorized and required to do under the facts above stated, unless it should have appeared without dispute that the statement was not in fact a voluntary statement. In attempting to submit the voluntary character of the statement to the jury, the court gave the following instructions:

"When a confession or statement made by a defendant is introduced in evidence, it is a question of fact entirely for the determination of the jury as to whether such confession is wholly true or wholly false or partly true or partly false, and as to what part, if any, is true and what part, if any, is false, and what weight or consideration, if any, shall be given thereto or any part thereof."

Various objections were urged by the appellant to this part of the court's charge. It is entirely sufficient to say that the questions pretented in this part of the charge were not raised by the evidence.

The court further charged the jury as follows:

"No officer or other person other than an authorized officer of the State of Texas that is a county attorney or district attorney has any authority to bind the State of Texas not to prosecute any person for any offense committed against the laws of the State."

The court followed this instruction by directing the jury that if they found from the evidence that the district attorney entered into an agreement with the defendant by which he promised not to prosecute the defendant, if defendant would tell who was implicated in the commission of the offense, that they should acquit the defendant. The court nowhere instructed the jury as to their duty in the event they found the Chief of Police made such agreement with the defendant which might have induced him to make the confession. On the contrary, the effect of the court's charge was to directly tell the jury that regardless of what agreement or representations the

Chief of Police may have made to the appellant in order to procure the alleged confession, that same could be used against him.

The appellant urges many objections to the charges above mentioned and aptly pointed out the court's error in giving same to the jury.

This confession to be admissible at all must have been freely made and without compulsion or persuasion and it must have been voluntarily made after the party was first cautioned that same might be used against him. The confession is not admissible unless it was voluntarily and freely made, uninfluenced by persuasion or compulsion, and not induced by any promise creating hope of benefit or any threats creating fear of punishment. Mr. Wharton lays down the rule as follows:

"A confession is only to be excluded on the ground of undue influence when it is elicited by temporal inducement, that is by threat, promise, or hope of favor, held out to the party in respect to his escape from the charge against him by a person in authority, under circumstances likely to lead to a false statement, or where there is reason to presume that such person appeared to the party to sanction such a threat or promise. If the influence applied was such as to make the defendant believe his condition would be bettered by making a confession, true or false, this excludes; but if not, the confession is admissible."

Wharton, Crim. Ev. (8th Ed.) Sect. 651. Thompson v. State, 19 Texas Crim. App. 595. Neeley v. State, 27 Crim. App. 324; 11 S. W. 376.

The case of Searcy v. State, 13 S. W. 782, is, we think, exactly in point. In that case, Judge White used the following language:

"Here the sheriff told the defendant if he would tell him all about it so he could get all the parties, he would do what he could for him in this case. This was not only a promise, but a persuasive and a positive one, by an officer high in authority and one in every way calculated to make the defendant believe that his condition would be bettered by making the confession."

We think under the authority of the Searcy case, supra, that the court erred to the prejudice of this appellant in giving the instructions last complained of. If the confession was in fact induced by the promise of the Chief of Police of Amarillo, that he would do all he could for the appellant in this case or that he would turn him out of jail if he would make the confession, then it is our opinion that the confession was not of that voluntary nature which the law requires before it would be admissible against the appellant. It is not necessary here to decide as to whether under the uncontroverted facts, the confession was not admissible at all. As we understand the record, the question presented by the bills of exception in

the case is that the court erred in not properly submitting its voluntary character to the jury and we cannot do otherwise than hold under the authority of the Searcy case, supra, as well as under many other cases decided by this court that the court was in error in giving the instruction complained of.

For the reasons above stated, it is our opinion that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.