IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 761/1123-02






LUIS NARVEZ MARTINEZ, Appellant


 

v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY






 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Womack,
Keasler, and Holcomb, JJ., joined. Meyers, J., filed a dissenting opinion in which Price,
Johnson, and Cochran, JJ., joined. 



OPINION 



 In this case we granted discretionary review to decide "whether the Court of Appeals erred in
affirming the trial court's decision to deny appellant's motion to suppress his confession." We hold that the
Court of Appeals did not so err.

 A jury convicted appellant of possessing between 4 and 200 grams of cocaine and of possessing
between 5 and 50 pounds of marijuana. Appellant made a written confession to possessing these drugs. 
He filed a pretrial motion to suppress his confession claiming that it was coerced and involuntary under
federal constitutional law and under state statutory law. The evidence from the suppression hearing showed
that the police seized the drugs from appellant's father's upholstery shop pursuant to a search warrant. 
Appellant lived at the shop and worked there along with his father and brother. The police arrested
appellant, his father and brother. Later that day appellant made the written confession in which he also
stated that his "brother and dad had nothing to do with what had been found." Neither the father nor the
brother were charged with any offense.

 At the suppression hearing, appellant testified that his confession was induced by a promise from
the police that his father and brother would not be charged if he confessed. The detective who obtained
appellant's confession denied making any promises to appellant. On cross-examination, this detective also
testified that he told appellant that he needed to know who the drugs belonged to and from that appellant
"could have gathered" that his father and brother would not be charged if appellant "accepted
responsibility."

 Q. While you were talking to [appellant], isn't it true that you told him if you-if he admitted
possessing all this stuff, that you wouldn't file on his brother and his father?


 A. Not in those words.


 Q. You let him write out the statement, didn't you?


 A. He wrote the statement out.


 [APPELLANT]: Judge, can I approach?


 [THE COURT]: Yes.


 Q. What does the last sentence that he wrote say in that statement, sir?


 A. My brother and dad had nothing to do with what had been found.


 Q. Did you ask him to put that in there?


 A. I said I want that-in so many words I told him that I needed to know whose it was and
who is responsible for it.


 Q. And you left him with the impression that if he accepted responsibility, you weren't
going to file on his brother and his father, right?


 A. He could have gathered that.

 

 The trial court denied the suppression motion based on a finding "that the statement was voluntarily
given without coercion, and would be admissible in this matter." This finding seems to have resolved only
appellant's federal constitutional claim. (1) The Court of Appeals addressed only a state law claim under
Article 38.21 of the Texas Code of Criminal Procedure, and it decided that appellant's confession was
admissible because appellant "failed to show that [the detective's] promise to him was sufficient to cause
him to falsely confess to possession of the contraband." See Martinez v. State, slip op. at 3-9, 9, Nos.
02-00-00339-CR and 02-00-00340-CR (Tex.App.-Fort Worth, delivered April 18, 2002)
(nonpublished).

 Article 38.21 provides that an accused's statement may be used against him "if it appears that the
same was freely and voluntarily made without compulsion or persuasion." This Court has decided that for
a promise to render a confession invalid under Article 38.21, the promise must be positive, made or
sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to
speak untruthfully. See Henderson v. State, 962 S.W.2d 544, 564 (Tex.Cr.App. 1997), cert. denied,
119 S.Ct. 437 (1998); Fisher v. State, 379 S.W.2d 900, 902 (Tex.Cr.App. 1964) (decided under former
law set out in Article 726); Searcy v. State, 13 S.W. 782 (Tex.Ct.App. 1890).

 Though not clear, it appears that the Court of Appeals may have upheld the admissibility of
appellant's confession because appellant did not show that his confession was false. See Martinez, slip
op. at 8-9 (while appellant "testified that what he perceived as a promise by [the detective] induced him
to admit his guilt," appellant "did not testify that his admission was false"). This would have been error
because the truth or falsity of a confession is irrelevant to a voluntariness determination not only under
federal constitutional law but also under state law. Under state law the determination is whether the
officially sanctioned positive promise "would be likely to influence the defendant to speak untruthfully" and
not whether, the defendant in fact spoke untruthfully. See Fisher, 379 S.W.2d at 902; cf. Terrazas, 4
S.W.3d at 723-24 (whether a confession is true or false is irrelevant to a federal constitutional voluntariness
determination because it is the methods used to extract an involuntary confession that offends constitutional
principles).

 In any event, the evidence supports the implied finding that no positive promise was ever made by
the detective to appellant. The detective testified that he made no promises to appellant and that:

 I said I want that-in so many words I told him that I needed to know whose it was and
who is responsible for it.

 

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.


Delivered: February 18, 2004

Publish


 
1. The record supports a finding that appellant's confession was "given without coercion" and that the
methods used to obtain the confession did not offend federal constitutional principles. See Dickerson v.
United States, 120 S.Ct. 2326, 2330-31 (2000) (setting out brief historical account of federal
constitutional law governing the admission of confessions); Colorado v. Connelly, 107 S.Ct. 515, 520 n.1
(1986) (setting out various situations where confessions held to have been involuntary as a matter of federal
constitutional law); State v. Terrazas, 4 S.W.3d 720, 723-24 (Tex.Cr.App. 1999) (federal constitutional
voluntariness determination focuses on the methods used by state actors to obtain a confession with the
voluntariness test being whether the confession is the product "of an essentially free and unconstrained
choice by its maker").