Luis Narvez **MARTINEZ**, Appellant,

v.

The **STATE** of Texas.

No. 761/1123–02.

Court of Criminal Appeals of Texas.

Feb. 18, 2004.

---

Pete Gilfeather, Fort Worth, for Appellant.

David M. Curl & Anne Swenson, Assist. DA's, Fort Worth, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, PJ., WOMACK, KEASLER, and HOLCOMB, JJ., joined.

In this case we granted discretionary review to decide "whether the Court of Appeals erred in affirming the trial court's decision to deny appellant's motion to suppress his confession." We hold that the Court of Appeals did not so err.

A jury convicted appellant of possessing between 4 and 200 grams of cocaine and of possessing between 5 and 50 pounds of marijuana. Appellant made a written confession to possessing these drugs. He filed a pretrial motion to suppress his confession claiming that it was coerced and involuntary under federal constitutional law and under state statutory law. The evidence from the suppression hearing showed that the police seized the drugs from appellant's father's upholstery shop pursuant to a search warrant. Appellant lived at the shop and worked there along with his father and brother. The police arrested appellant, his father and brother. Later that day appellant made the written confession in which he also stated that his "brother and dad had nothing to do with what had been found." Neither the father nor the brother were charged with any offense.

At the suppression hearing, appellant testified that his confession was induced by a promise from the police that his father and brother would not be charged if he confessed. The detective who obtained appellant's confession denied making any promises to appellant. On cross-examination, this detective also testified that he told appellant that he needed to know who the drugs belonged to and from that appellant "could have gathered" that his father and brother would not be charged if appellant "accepted responsibility."

Q. While you were talking to [appellant], isn't it true that you told him if you-if he admitted possessing all this stuff, that you wouldn't file on his brother and his father?

A. Not in those words.

Q. You let him write out the statement, didn't you?

A. He wrote the statement out.

[APPELLANT]: Judge, can I approach?

[THE COURT]: Yes.

Q. What does the last sentence that he wrote say in that statement, sir?

A. My brother and dad had nothing to do with what had been found.

Q. Did you ask him to put that in there?

A. I said I want that—in so many words I told him that I needed to know whose it was and who is responsible for it.

Q. And you left him with the impression that if he accepted responsibility, you weren't going to file on his brother and his father, right?

A. He could have gathered that.

The trial court denied the suppression motion based on a finding "that the statement was voluntarily given without coercion, and would be admissible in this matter." This finding seems to have resolved only appellant's federal constitutional claim.[1] The Court of Appeals addressed only a state law claim under Article 38.21 of the Texas Code of Criminal Procedure, and it decided that appellant's confession was admissible because appellant "failed to show that [the detective's] promise to him was sufficient to cause him to falsely con-

fess to possession of the contraband." *See Martinez v. State*, slip op. at 3–9, 9, Nos. 02–00–00339–CR and 02–00–00340–CR, 2002 WL 570649 (Tex.App.-Fort Worth, delivered April 18, 2002) (nonpublished).

Article 38.21 provides that an accused's statement may be used against him "if it appears that the same was freely and voluntarily made without compulsion or persuasion." This Court has decided that for a promise to render a confession invalid under Article 38.21, the promise must be positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully. *See Henderson v. State*, 962 S.W.2d 544, 564 (Tex.Cr.App. 1997), cert. denied, 525 U.S. 978, 119 S.Ct. 437, 142 L.Ed.2d 357 (1998); *Fisher v. State*, 379 S.W.2d 900, 902 (Tex.Cr.App. 1964) (decided under former law set out in Article 726); *Searcy v. State*, 28 Tex.App. 513, 13 S.W. 782 (Tex.Ct.App.1890).

Though not clear, it appears that the Court of Appeals may have upheld the admissibility of appellant's confession because appellant did not show that his confession was false. *See Martinez*, slip op. at 8–9 (while appellant "testified that what he perceived as a promise by [the detective] induced him to admit his guilt," appellant "did not testify that his admission was false"). This would have been error because the truth or falsity of a confession is irrelevant to a voluntariness determination not only under federal constitutional

1. The record supports a finding that appellant's confession was "given without coercion" and that the methods used to obtain the confession did not offend federal constitutional principles. *See Dickerson v. United States*, 530 U.S. 428, 120 S.Ct. 2326, 2330–31, 147 L.Ed.2d 405 (2000) (setting out brief historical account of federal constitutional law governing the admission of confessions); *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 520 n. 1, 93 L.Ed.2d 473 (1986) (setting out

various situations where confessions held to have been involuntary as a matter of federal constitutional law); *State v. Terrazas*, 4 S.W.3d 720, 723–24 (Tex.Cr.App.1999) (federal constitutional voluntariness determination focuses on the methods used by state actors to obtain a confession with the voluntariness test being whether the confession is the product "of an essentially free and unconstrained choice by its maker").

law but also under state law. Under state law the determination is whether the officially sanctioned positive promise "would be likely to influence the defendant to speak untruthfully" and not whether, the defendant in fact spoke untruthfully. *See Fisher*, 379 S.W.2d at 902; *cf. Terrazas*, 4 S.W.3d at 723–24 (whether a confession is true or false is irrelevant to a federal constitutional voluntariness determination because it is the methods used to extract an involuntary confession that offends constitutional principles).

In any event, the evidence supports the implied finding that no positive promise was ever made by the detective to appellant. The detective testified that he made no promises to appellant and that:

> I said I want that—in so many words I told him that I needed to know whose it was and who is responsible for it.

The judgment of the Court of Appeals is affirmed.

MEYERS, J., filed a dissenting opinion in which PRICE, JOHNSON, and COCHRAN, JJ., joined.

MEYERS, J., filed a dissenting opinion in which PRICE, JOHNSON, and COCHRAN, JJ., joined.

Appellant argues that Texas case law dictates that any promise made by a law enforcement officer that induces a confession renders the confession inadmissible. He asserts that his confession was not voluntary because it was induced by the implied promise that his relatives would not be charged with any offense in connection with this incident. Because I feel that the Court of Appeals used the incorrect standard for determining voluntariness, I respectfully dissent.

In determining whether the trial court erred in ruling appellant's statement admissible, the Court of Appeals looked to Article 38.21 of the Texas Code of Criminal Procedure,[1] and to the standard set out by Texas case law. That is, in order for a confession to be rendered involuntary because it was induced by an improper promise, the promise must be (1) positive, (2) made or sanctioned by someone in authority, and (3) of such an influential nature that it would cause a defendant to speak untruthfully. *Henderson v. State*, 962 S.W.2d 544, 564 (Tex.Crim.App.1997), *cert. denied*, 525 U.S. 978, 119 S.Ct. 437, 142 L.Ed.2d 357 (1998); *Janecka v. State*, 937 S.W.2d 456, 466 (Tex.Crim.App.1996), *cert. denied*, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997); *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). The Court of Appeals determined that the second prong of the test (hereinafter "the *Henderson* test") was met in this case, because there was evidence of an inducement by a person in authority. However, the court went on to say that the question of whether the Detective's statement constituted a positive promise, and the question of whether the promise was sufficient to induce appellant to make a false statement were both questions of fact for the trial court to determine. The Court of Appeals then concluded that the trial court had implicitly determined that appellant had failed to satisfy the third prong of the test, and that such a determination was supported by the evidence in the record. The court therefore held that the trial court did not abuse its discretion in denying the motion to suppress the confession. *Martinez v.*

1. Article 38.21 reads:
   A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed.

*State,* Nos. 02–00–00339–CR and 02–00–00340–CR, 2002 WL 570649 (Tex.App.-Fort Worth, April 18, 2002, pet. granted)(*not designated for publication* ).

The majority briefly touches on the Court of Appeals reasoning in this case and then in one sentence disposes of the case by stating that "evidence supports the implied finding that no positive promise was ever made by the detective to appellant." Op. at 795. I write separately to augment the analysis of the law applicable to this case.

Initially, there was a total prohibition against promises by the police. This was discussed in *Bram v. United States,* 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897), where the United States Supreme Court applied the Fifth Amendment to the voluntariness of confessions:

> But a confession, in order to be admissible, must be free and voluntary: that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.... A confession can never be received in evidence where the prisoner has been influenced by any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner, and therefore excludes the declaration if any degree of influence has been exerted.

*Id.* at 542–543, 18 S.Ct. 183 (quoting 3 Russell on Crimes 478 (6th ed.1896)). Thus, if a promise was tied to a confession, then the confession was not voluntary. Despite the language in *Bram,* courts have attempted to determine the influence or effect that a promise had on the defendant. Since as early as 1885, Texas courts have considered whether a promise was sufficiently coercive to render a confession in-voluntary. In *Thompson v. State,* 19 Tex. App. 593 (1885), the court stated:

> It has been generally held that any advice to a prisoner by a person in authority telling him it would be better for him if he confesses vitiates a confession induced by it. Lately, however, this has been greatly qualified, and it is now held that there must be a positive promise, made or sanctioned by a person in authority, to justify the exclusion of the confession ... We may hold that a confession is only to be excluded on the ground of undue influence where it is elicited by temporal inducement, *e.g.,* by threat, promise or hope of favor held out to the party in respect of his escape from the charge against him by a person in authority under circumstances likely to lead to a false statement; or where there is reason to presume that such person appeared to the party to sanction such a threat or promise. If the influence applied was such as to make the defendant believe his condition would be bettered by making a confession, true or false, this excludes; but, if not, the confession is admissible.

*Id.* at 661 (citing Whart., Crim. Evid. (8th ed.), §§ 651, 673). As a result of the courts considering the influence the promise may have had on the defendant, the proscription against promises by the police has been attenuated somewhat since *Bram.* It is now necessary to show that the promise induced or coerced the confession, making the confession involuntary and therefore inadmissible. *See Fisher v. State,* 379 S.W.2d 900, 902 (Tex.Crim.App.1964) (to determine whether a confession is admissible when the defendant contends that the confession was influenced by a promise, test the degree of influence exerted.) Based on *Thompson,* courts adopted a test to assess whether a particular promise

renders a confession inadmissible.[2] However, the test has generally included some reference to whether the promise would be likely to influence the accused to speak *untruthfully*,[3] leading to confusion between the issues of voluntariness and credibility.

The Court of Appeals appears to have done just that, confused the voluntariness of appellant's confession with the credibility of the statement. The issue in this case was the admissibility of the confession, not the validity. The Court of Appeals analysis began correctly by discussing voluntariness, however, it based its conclusion on the truth or falsity of appellant's statement. In a *Jackson v. Denno* hearing, the trial judge determines the admissibility of the confession, based on whether or not the confession was voluntarily given and does not consider whether the statement given by appellant was truthful or untruthful. *Lopez v. State*, 384 S.W.2d 345, 348. *See also Lego v. Twomey*, 404 U.S. 477, 485, 92 S.Ct. 619, 624–625, 30 L.Ed.2d 618, 625–626 (1972) (Whether the confession is true or false is irrelevant to a voluntariness determination because it is the methods used to extract the confession that may violate constitutional principles.) Thus, in the case before us, the truth of appellant's confession was not at issue. Rather, he argued that his confession was involuntarily given due to a promise made by the police to not charge his relatives.

The Court of Appeals analysis of this case was flawed. Rather than considering the voluntariness of the confession, it used the *Henderson* test and determined that appellant did not satisfy the third prong. The court stated: "Whether the promise was sufficient to induce Appellant to make a false statement was likewise a question of fact for the trial court. While Appellant testified that what he perceived as a promise by Detective Brown induced him to admit his guilt, he did not testify that his admission was false." *Martinez v. State*, Nos. 02–00–00339–CR and 02–00–00340–CR, Slip op. at 8–9, 2002 WL 570649 (Tex. App.-Fort Worth, April 18, 2002, pet. granted)(*not designated for publication*). The court is correct that appellant did not testify that his admission was false. However, he was not arguing that he made a *false* confession. He argued only that his confession was *involuntary* because it was induced by a promise. Thus, the Court of Appeals erred in concluding "that the record contains more than ample evidence to support the trial court's implicit determination that Appellant did not satisfy the third prong of the test in that he failed to show that Brown's promise to him was sufficient to cause him to falsely confess to possession of the contraband." *Martinez v. State*, Nos. 02–00–00339–CR and 02–00–00340–CR, Slip op. at 9, 2002 WL 570649 (Tex.App.-Fort Worth, April 18, 2002, pet. granted)(*not designated for publication*).

In *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), the United States Supreme Court considered a situation similar to the one before us. In *Rogers*, the police implied that they were going to bring the defendant's wife in for questioning, so he confessed to keep her from being taken into custody and interro-

---

**2.** The language from *Thompson* has been expressed in various cases as either a three or four prong test. In *Henderson*, it was stated as a three prong test, which was relied upon by the Court of Appeals in this case. For the sake of consistency with the Court of Appeals, I also refer to it as the three prong *Henderson* test.

**3.** In addition to *Henderson, see also Long v. State*, 823 S.W.2d 259, 277 (Tex.Crim.App. 1991); *Smith v. State*, 779 S.W.2d 417, 427–428 (Tex.Cr.App.1989); *Washington v. State*, 582 S.W.2d 122, 124 (Tex.Cr.App.1979).

gated. The lower courts decided the case based on the truth of the confession, which is irrelevant to the issue of voluntariness. The Supreme Court stated:

> The attention of the trial judge should have been focused, for purposes of the Federal Constitution, on the question whether the behavior of the State's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined—a question to be answered with complete disregard of whether or not petitioner in fact spoke the truth.

*Id.* at 544, 81 S.Ct. 735. The cause was remanded because the lower court used the wrong standard for determining voluntariness. The Supreme Court held that because the issue of voluntariness could have gone either way, the petitioner was prejudiced by the lower court's use of an erroneous standard.

Because the last prong of the *Henderson* test has led courts to confuse the issues of voluntariness and credibility, we should promulgate a new, slightly different standard for determining whether a statement was given voluntarily when a promise has been made by the police. A promise will render a confession involuntary only if it is:

(1) of some benefit to the accused;

(2) positive;

(3) made or sanctioned by a person in authority; and

(4) likely to influence the accused to make a statement, regardless of its truth or falsity.

This would consider the nature of the promise rather than whether the statement is true or false. A promise that is so beneficial to the accused that it is likely to influence him to make a statement is a coercive promise, which renders a suspect's resulting statement involuntary because it is not the product of his own free will. *See Smith v. State,* 779 S.W.2d at 427 ("The issue is whether police interrogation techniques alleged to have been coercive, either physically or psychologically, were of such a nature that any confession thereby obtained was unlikely to have been the product of a rational intellect and a free will.") In order to distinguish between coercive and non-coercive promises, we should consider the totality of the circumstances, including the type of crime and the value of the benefit promised. In other words, we should consider the advantage the accused stands to gain by accepting the promise, weighed against the risk of confessing to the crime alleged. We stated in *Roberts v. State,* that "[a] threat made by police officers to arrest or punish a close relative or a promise to free a relative of a prisoner in exchange for a confession may render the prisoner's subsequently made confession inadmissible in evidence." *Roberts v. State,* 545 S.W.2d 157, 161 (Tex.Crim.App.1977) *overruled on other grounds by Eisenhauer v. State,* 678 S.W.2d 947 (Tex.Crim.App.1984). However, in *Roberts,* the confession was deemed voluntary and admissible because it was appellant and not the police who initially raised the issue of leniency for his wife, thus the statement was self-motivated and not coerced by a promise. In *Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App. 1993), the interrogating officer promised to contact charitable agencies to assist the suspect's wife and mother. The Court considered the nature of the crime and the perceived benefit of accepting the promise and held that this was not the sort of promise that would influence a rational person to confess to the brutal aggravated rape and murder of a college student, thus the confession was not coerced and was admissible. In accordance with the standard adapted by this Court, each of these cases properly considered the circum-

stances surrounding the making of the confession rather than the accuracy of the statement.

Because it is not necessary for a defendant to show that his confession was false, I feel that the Court of Appeals erred in considering the validity of the confession. It is the likelihood of the promise to overcome the free will of the accused which makes the promise coercive and renders the statement involuntary. Thus, rather than discuss the truth or falsity of the statement under the third prong of the *Henderson* test, as the Court of Appeals did, we should instead consider the totality of the circumstances surrounding the making of the confession to determine whether the promise was sufficiently coercive to render the confession involuntary.

Because the Majority performs a limited analysis of the law, I respectfully dissent.