COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-182-CR
 
  
RANDY 
ROMERO                                                                   APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Randy 
Romero appeals his conviction for two counts of aggravated sexual assault of a 
child under fourteen years of age. We will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his sole point, appellant contends that the trial court abused its discretion in 
overruling his motion to suppress and admitting a written statement he made 
while in custody because the statement was induced by false promises that he 
would receive more lenient treatment if he gave a statement and was, therefore, 
given involuntarily.[2] See Tex. Code Crim. Proc. Ann. art. 38.21 
(Vernon 1979), art. 38.22 (Vernon Supp. 2004).
        We 
review a trial court’s ruling on a motion to suppress evidence under a 
bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 
327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. 
Crim. App. 1997).  At a suppression hearing, the trial court is the sole 
trier of fact and judge of the credibility of the witnesses and the weight to be 
given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex. 
Crim. App. 2000).  Thus, we give almost total deference to the trial 
court’s rulings on (1) questions of historical fact, and (2) application of 
law-to-fact questions that turn on an evaluation of credibility and 
demeanor.  Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 
2002); Best v. State, 118 S.W.3d 857, 861-62 (Tex. App.—Fort Worth 
2003, no pet.).  However, we can review a trial court’s rulings on mixed 
questions of law and fact de novo if they do not turn on the credibility and 
demeanor of witnesses.  Johnson, 68 S.W.3d at 652-53.
        Under 
article 38.21, a suspect’s confession may only be used against him if it was 
“freely and voluntarily made without compulsion or persuasion.”  Tex. Code Crim. Proc. Ann. art. 
38.21.  A statement is involuntary “only if there was official, coercive 
conduct of such a nature that any statement obtained thereby was unlikely to 
have been the product of an essentially free and unconstrained choice by its 
maker.”  State v. Terrazas, 4 S.W.3d 720, 724 (Tex. Crim. App. 
1999) (quoting Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 
1995)).  Whether a statement is voluntary depends on the totality of the 
circumstances surrounding the confession.  Penry v. State, 903 
S.W.2d 715, 748 (Tex. Crim. App.), cert. denied, 516 U.S. 977 (1995).
        To 
render a confession invalid under article 38.21 based on a law enforcement 
officer’s promise, the promise must be positive, made or sanctioned by someone 
in authority, and of such an influential nature that it would cause a defendant 
to speak untruthfully.  Martinez v. State, 127 S.W.3d 792, 794 (Tex. 
Crim. App. 2004).  The truth or falsity of the resulting confession is 
irrelevant to this determination of voluntariness under both federal and state 
law.  Id. at 794-95.  An improper inducement must be of an 
exceptional character before it will invalidate an otherwise voluntary 
confession.  Espinosa v. State, 899 S.W.2d 359, 364 (Tex. 
App.—Houston [14th Dist.] 1995, pet. ref’d).
        Appellant 
points us to the following testimony to support his contention that Sergeant 
Marie Ornelas made promises implying that he would face more lenient treatment 
if he gave a statement:[3]  
 
Q. 
[By appellant’s trial counsel:] Did [Sergeant Ornelas] tell you about any 
other effect that your statement might have in regards to punishment or 
sentencing in this case?
 
A. 
[By appellant:] Yes. That it would be worse for me if we went to trial.
                . 
. . .
Q. 
[By appellant’s trial counsel:] How did [Sergeant Ornelas] imply it would be 
better for you or state it would be better for you if you gave a statement?
 
A. 
[By appellant:] She didn’t actually imply anything. She just said that it 
would be better for me.  
 
        Previously, 
however, appellant denied that Sergeant Ornelas suggested that giving the 
statement would influence his sentence:
  

Q. 
[By appellant’s trial counsel:] Did [Sergeant Ornelas] say anything about how 
this statement could help or hurt you that you recall?
 
A. 
[By appellant:] Well, she didn’t say – she didn’t say it would help or 
hurt me.
 
        In 
addition, Sergeant Ornelas denied that she used any promises of leniency or 
coercion to obtain appellant’s statement:
  

Q. 
[By the prosecutor:] Did you, in fact, make any promises of leniency such as a 
lesser sentence or some kind of favorable treatment if he made a statement?
 
          A.     [By 
Sergeant Ornelas:] No, sir, I did not.
 
Q. 
Did you ever make any threats to him about what would happen if he did not give 
a statement?
 
          A. 
    No, sir.
 
Q. 
Did you use any improper influence whatsoever to get him to say anything in 
particular on this statement?
 
          A. 
    No, sir.
 
Q. 
Did you use any type of physical coercion or physical force on [appellant]?
 
          A.     No, 
sir, I did not.

Sergeant 
Ornelas further testified that she informed appellant that his case would be 
turned over to the District Attorney’s Office, and that she personally had no 
authority or ability to make any promises about what would happen with the 
case.  Moreover, Sergeant Ornelas testified that she told appellant that 
his statement could be used against him.
        In 
light of the conflicting testimony regarding what Sergeant Ornelas may have said 
during appellant’s interview, and giving due deference to the trial court’s 
judgment of the credibility of the witnesses and the weight to be given their 
testimony, we cannot say that the trial court abused its discretion in refusing 
to suppress appellant’s written statement and admitting it at trial.[4]  Appellant’s point is overruled.
        The 
trial court’s judgment is affirmed.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 17, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant also complains of the trial court’s failure to suppress oral 
statements given during the custodial interview.  Appellant’s oral 
statements, however, were not admitted into evidence.  Therefore, we will 
address only the admissibility of the written statement.
3.  
Appellant points to a third statement, that Sergeant Ornelas told him “that 
[it] was a possibility” that he could seek psychiatric help.  The record, 
however, reflects that this comment had nothing to do with appellant giving a 
statement.
4.  
Appellant claims that a confession taken under similar circumstances to the one 
in this case was found to be inadmissible in Sterling v. State, 800 
S.W.2d 513 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1213 
(1991).  The statement in Sterling was excluded because the proper 
article 38.22 warnings were not given.  Id. at 518-19; see Tex. Code Crim. Proc. Ann. art. 
38.22.  In this case, the trial court found that the proper article 38.22 
warnings were given, and appellant does not challenge this finding on 
appeal.  Sterling is also inapposite because the Sterling 
holding did not involve a promise of leniency. 800 S.W.2d at 518-19.