Romero v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-182-CR

RANDY ROMERO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Randy Romero appeals his conviction for two counts of aggravated sexual assault of a child under fourteen years of age.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his sole point, appellant contends that the trial court abused its discretion in overruling his motion to suppress and admitting a written statement he made while in custody because the statement was induced by false promises that he would receive more lenient treatment if he gave a statement and was, therefore, given involuntarily.
(footnote: 2)  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.21 (Vernon 1979), art. 38.22 (Vernon Supp. 2004).

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  At a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Thus, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, and (2) application of law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best v. State
, 118 S.W.3d 857, 861-62 (Tex. App.—Fort Worth 2003, no pet.).  However, we can review a trial court’s rulings on mixed questions of law and fact de novo if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53.

Under article 38.21, a suspect’s confession may only be used against him if it was “freely and voluntarily made without compulsion or persuasion.”  
Tex. Code Crim. Proc. Ann.
 art. 38.21.  A statement is involuntary “only if there was official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker.”  
State v. Terrazas
, 4 S.W.3d 720, 724 (Tex. Crim. App. 1999) (quoting 
Alvarado v. State
, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995)).  Whether a statement is voluntary depends on the totality of the circumstances surrounding the confession.  
Penry v. State
, 903 S.W.2d 715, 748 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 977 (1995).  

To render a confession invalid under article 38.21 based on a law enforcement officer’s promise, the promise must be positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully.  
Martinez v. State
, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004).  The truth or falsity of the resulting confession is irrelevant to this determination of voluntariness under both federal and state law.  
Id
. at 794-95.  An improper inducement must be of an exceptional character before it will invalidate an otherwise voluntary confession.  
Espinosa v. State
, 899 S.W.2d 359, 364 (Tex. App.—Houston [14
th
 Dist.] 1995, pet. ref’d).

Appellant points us to the following testimony to support his contention that Sergeant Marie Ornelas made promises implying that he would face more lenient treatment if he gave a statement:
(footnote: 3)  

Q. [By appellant’s trial counsel:]  Did [Sergeant Ornelas] tell you about any other effect that your statement might have in regards to punishment or sentencing in this case?

A. [By appellant:]  Yes.  That it would be worse for me if we went to trial.  

. . . . 

Q. [By appellant’s trial counsel:]  How did [Sergeant Ornelas] imply it would be better for you or state it would be better for you if you gave a statement?

A. [By appellant:]  She didn’t actually imply anything.  She just said that it would be better for me.  

Previously, however, appellant denied that Sergeant Ornelas suggested that giving the statement would influence his sentence:

Q. [By appellant’s trial counsel:]  Did [Sergeant Ornelas] say anything about how this statement could help or hurt you that you recall?

A. [By appellant:]  Well, she didn’t say – she didn’t say it would help or hurt me.  

In addition, Sergeant Ornelas denied that she used any promises of leniency or coercion to obtain appellant’s statement:

Q. [By the prosecutor:]  Did you, in fact, make any promises of leniency such as a lesser sentence or some kind of favorable treatment if he made a statement?

A. [By Sergeant Ornelas:]  No, sir, I did not.

Q. Did you ever make any threats to him about what would happen if he did not give a statement?

A. No, sir.

Q. Did you use any improper influence whatsoever to get him to say anything in particular on this statement?

A. No, sir.

Q. Did you use any type of physical coercion or physical force on [appellant]?

A. No, sir, I did not.

Sergeant Ornelas further testified that she informed appellant that his case would be turned over to the District Attorney’s Office, and that she personally had no authority or ability to make any promises about what would happen with the case.  Moreover, Sergeant Ornelas testified that she told appellant that his statement could be used against him.  

In light of the conflicting testimony regarding what Sergeant Ornelas may have said during appellant’s interview, and giving due deference to the trial court’s judgment of the credibility of the witnesses and the weight to be given their testimony, we cannot say that the trial court abused its discretion in refusing to suppress appellant’s written statement and admitting it at trial.
(footnote: 4)  Appellant’s point is overruled.

The trial court’s judgment is affirmed.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 17, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Appellant also complains of the trial court’s failure to suppress oral statements given during the custodial interview.  Appellant’s oral statements, however, were not admitted into evidence.  Therefore, we will address only the admissibility of the written statement.  

3:
Appellant points to a third statement, that Sergeant Ornelas told him “that [it] was a possibility” that he could seek psychiatric help.  The record, however, reflects that this comment had nothing to do with appellant giving a statement. 

4:
Appellant claims that a confession taken under similar circumstances to the one in this case was found to be inadmissible in 
Sterling v. State
, 800 S.W.2d 513 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1213 (1991).  The statement in 
Sterling
 was excluded because the proper article 38.22 warnings were not given. 
 Id
. at 518-19; 
see
 
Tex. Code Crim. Proc. Ann.
 art. 38.22.  In this case, the trial court found that the proper article 38.22 warnings were given, and appellant does not challenge this finding on appeal.  
Sterling
 is also inapposite because the 
Sterling
 holding did not involve a promise of leniency.  800 S.W.2d at 518-19.