Affirmed and Opinion filed May 16, 2006









Affirmed
and Opinion filed May 16, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00201-CR

____________

 

RUBEN HERRERA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 974,915

 



 

O P I N I O N

Appellant, Ruben Herrera, was convicted of
capital murder and sentenced to an automatic life sentence.  On appeal, he raises two points of error
relating to a videotaped confession: (1) that it was inadmissible under Texas
Code of Criminal Procedure Article 38.23; and (2) that it was inadmissible
under the Fifth Amendment as applied to the states through the Fourteenth
Amendment to the United States Constitution. 
Appellant=s claims are the same insofar as his basis
for appeal is that police officers made promises of leniency and thus rendered
the confession inadmissible.  We affirm.








Factual and Procedural Background

This appeal concerns solely the
voluntariness of an oral confession. 
There are no challenges to the sufficiency of evidence, or to the
admissibility of any other particular pieces of evidence.  Thus, we outline the facts only briefly.  

A grand jury indicted appellant, Ruben
Herrera, of capital murder.  At trial,
the State introduced a videotaped interview between appellant and police in
which Herrera admitted involvement in various crimes.  The record contains a full transcript of this
videotape and we have viewed it ourselves. 
Appellant objected to the videotape=s admission on
several bases.  In this appeal, he claims
only that the police promised him leniency if he spoke to them and thus that
his confession was inadmissible either because he was induced or coerced into
confessing.  Specifically, appellant
complains that the following statements from police violated Texas statutory
law and federal constitutional law:

Sergeant
Mayer:    You=re looking at a bunch of time right
now, but I think you can help us.

Mr.
Herrera:           (Laughter.)  How=s that helping me?

Sergeant
Mayer:    We can talk to the D.A., get you
an offer, if you help us.

Mr.
Herrera:           Yeah, I can help
you.  What do you-all want to know?

Sergeant Mayer:    But I think we can help you, if you=ll help us with
these.

According to appellant, these statements from police
constituted a promise of leniency.  Further,
appellant notes that until this point in the videotape, he had not implicated
himself at all. 

The trial court held a hearing on the
motion to suppress and, after viewing the tape and hearing testimony from
Officer Tyler, who was also present at the interview, overruled the
motion.  An edited version of appellant=s videotaped
confession was ultimately admitted at trial. 
The jury convicted appellant of capital murder.  Because the State did not seek the death penalty,
the trial court imposed an automatic life sentence.  Appellant timely filed notice of appeal.  We affirm.








Analysis

I.        Standard
of Review

Before passing upon appellant=s issues, we must
first determine the applicable standard of review.  Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997).  When reviewing a
trial court=s ruling on a motion to suppress, we
afford almost total deference to determinations of historical facts, especially
when those determinations involve assessment of witness credibility and
demeanor.  See Masterson v. State,
155 S.W.3d 167, 170 (Tex. Crim. App. 2005). 
However, when, as here, we have a videotape of the confession and an
uncontroverted version of events, we review the trial court=s ruling on an
application of law to facts de novo.  See
generally Mayes v. State, 8 S.W.3d 354, 358 (Tex. App.CAmarillo 1999, no
pet.) (applying de novo review to trial court=s ruling on motion
to suppress because credibility and demeanor were not at issue when facts
surrounding interrogation were videotaped and uncontroverted); Douglas v.
State, No. 09-00-00484-CR, 2002 WL 538859, at *1B5 (Tex. App.CBeaumont April 10,
2002, no pet.) (not designated for publication) (explaining that the evidence
on the motion to suppress was a videotape of the encounter and uncontroverted
testimony from two police officers; determining that, while giving appropriate
deference to the finding of historical facts, the court would review the trial
court=s ruling de novo);
see also, Carmouche v. State, 10 S.W.3d 323, 332 (Tex. Crim. App.
2000) (stating that the court will not turn a blind eye to a videotape when it
presents indisputable visual evidence contradicting the testimony of a police
officer; also noting that evaluating videotape evidence does not involve
evaluations of credibility and demeanor); Oles v. State, 993 S.W.2d 103,
106 (Tex. Crim. App. 1999) (reviewing de novo ruling on motion to suppress where
there is a question of law with no disputed facts).  Like our sister courts and the Court of
Criminal Appeals, we do not turn a blind eye to the videotape.  Rather, we have reviewed the videotape, note
there is no controversy about the statements made, and made our ruling based on
a de novo review.  








II.       There
Were No Promises of Leniency

Appellant brings his claim under both
state statutory and federal constitutional law. 
While the claims have the same basisCnamely, the police
induced or coerced appellant=s confession with
promises of leniencyCthey are decided with different
tests.  Yet regardless of which test we
apply, the result is the same: the police did not make such a promise to
appellant so as to overbear his will or to induce him to confess falsely.  As we explain below, it is immaterial whether
appellant actually testified falsely; it matters only that the promise made was
not of such a character to overbear appellant=s will or to cause
him to testify falsely.

Articles 38.21 and 38.23 of the Texas Code
of Criminal Procedure govern the introduction of certain evidence in criminal
prosecution.  Article 38.21 provides, A[a] statement of
an accused may be used in evidence against him if it appears that the same was
freely and voluntarily made without compulsion or persuasion, under the rules
hereafter prescribed.@  Tex. Code Crim. Proc. Art. 38.21.  Article 38.23 states, inter alia, A[n]o evidence
obtained by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or laws of
the United States of America, shall be admitted in evidence against the accused
on the trial of any criminal case.@  At trial, appellant argued police promised
leniency in exchange for his confession. 
As a result, appellant claims, the police induced or coerced his
statementCeither would be enough under our statutory
scheme to prevent the statement=s admission at
trial.  Here, we address two
exceptionally similar, though differently stated, standards under state and
federal law to determine if appellant=s confession was
so tainted by police activity, such that it should have been excluded.[1]  We take each in turn.








A.      State
Claims

Texas law uses a four-prong test when
evaluating whether police made an improper inducement so as to render a
confession inadmissible.  Martinez v.
State, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004) (laying out test for invalid
confession under Article 38.21).[2]  To render a confession inadmissible, there
must be (1) a promise of some benefit to the accused, (2) that is positive, (3)
made or sanctioned by someone in authority, (4) and that is of such an
influential nature it would cause a defendant to speak untruthfully.  Id.; Espinosa v. State, 899
S.W.2d 359, 363 (Tex. App.CHouston [14th
Dist.] 1995, pet. ref=d). 
The truth or falsity of the confession is immaterial under either state
or federal law; the question is whether or not the promise likely would lead to
a false confession.  Martinez, 127
S.W.3d at 794B95. 
Here, the promise is not of that character.








The question in this case comes down to
whether the statement, A[w]e can talk to the D.A., get you an
offer, if you can help us[,]@ amounts to a
positive promise by someone with apparent authority that would likely induce a
false confession.[3]  Based on this statement and the others
contained in the record, appellant cannot meet the test.  

Even assuming the police made a promise of
some benefit, it is not a positive promise of leniency, the police never
claimed to have the authority to make an offer, and the promise was certainly
not of such an influential nature to cause a defendant to speak untruthfully.

Sergeant Mayer merely told appellant he or
others would talk to the District Attorney and would get an offer.  Mayer never indicated he personally had any
authority to make an offer.  By the words
used, appellant could not assume Mayer was actually making any particular
offer.  Further, an offer could be
anything.  There is no guarantee that an
offer would be lenient or otherwise advantageous and the statement is not a
positive statement of some benefit. 
Moreover, none of Sergeant Mayer=s statements are
specific enough to influence someone like appellantCwho was savvy enough
to ask what benefit he would receive by speaking to the officersCto speak.  Thus, appellant fails the second, third and
fourth prongs of the test.  

B.      Federal
Constitutional Claims

When determining whether or not a
confession should have been excluded as a matter of federal constitutional law,
we decide whether the confession was voluntary or coerced.  Arizona v. Fulminante, 499 U.S. 279,
285B86 (1991).  Our review examines the totality of the
circumstances, not whether the defendant would have refused to confess but for
the promise.  Id.  The ultimate question is whether the
defendant=s will was overborne.  Drake, 123 S.W.3d at 602 (citing Creager,
952 S.W.2d at 855).  Examining all of the
circumstances, appellant=s will was not overborne to confess.  He did so freely.








Appellant lists only the promise as a
circumstance operating to overcome his will. 
The only evidence adduced was the videotape and testimony by one police
officer.  Appellant did not take the
standCas was his rightCand he did not
introduce any other evidence.  As a
result, based upon his arguments here and below, the sole factor he gives us to
consider is the alleged promise of leniency. 
However, as we have discussed already, there was no promise of
leniency.  At most, there was a promise
to obtain an offer.  Yet significantly,
the terms of the offer were not discussed, and that statement was made only
once.   The record does not contain evidence
showing that appellant=s will was overborne due to coercion.  We overrule appellant=s points of error.

Conclusion

Having reviewed the record and determined
there was nothing improper about the police conduct, we overrule appellant=s points of error.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed May 16, 2005.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Publish C Tex. R. App. P. 47.2(b).











[1]  Initially, we
note most cases evaluating promises of leniency do not seem to draw formal
distinctions between federal and state standards; neither do they explain why
they have chosen to use the test for inducement versus the test for
voluntariness.  See, e.g., Masterson
v. State, 155 S.W.3d 167, 170B71 (Tex.
Crim. App. 2005) (reviewing the claim for impermissible promises of leniency
without identifying a federal or state standard); Charles v. State,
14-01-01247-CR, 14-01-01248-CR, 14-01-01249-CR, 2003 WL 21511268 at *6 (Tex.
App.CHouston [14th Dist.] July 3, 2003 ( not designated for
publication) (discussing impermissible promises for leniency without stating it
is making separate determinations based on state and federal law) (aff=d of other grounds, 146 S.W.3d 204 (Tex. 2004)); but
cf. Espinosa v. State, 899 S.W.2d 359, 364 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d) (highlighting the difference between the test for
inducementCthe standard under state lawCwith coercionCthe test
for voluntariness under federal law; however, that court did not consider a
federal claim of coercion).  Because, as
the Espinosa court highlights, the tests are distinct, we separate them
for our consideration.  Perhaps there is
some elevation of form over substance as the result is likely the same under
either.  See generally Henderson v.
State, 962 S.W.2d 544, 564B65 (Tex. Crim. App. 1997) (reviewing question of
inappropriate statements under both state statutory and federal constitutional
standards and ultimately using its resolution of the question under the state
standard for inducement to also answer the federal question of
voluntariness).   However, the tests are
different, as the test for coercion seeks to determine if the defendant=s will was actually overborne, while the test for
inducement seeks to determine if the promise would likely lead to a false
confession.  Of course, it does not
matter under either test if the confession were false or not.    





[2]  At other
times, courts focus on the language in Article 38.21 stating that the
confession must be Afreely and voluntarily made without compulsion or
persuasion.@ See Drake v. State, 123 S.W.3d 596, 602 (Tex.
App.CHouston [14th Dist.] 2003, pet. ref=d).  In those
cases, the courts utilize the totality-of-the-circumstances test to determine
if the confession were voluntary, rather than the four-prong test.  See id. (citing Creager v. State,
952 S.W.2d 852, 855 (Tex. Crim. App. 1997)). 
The principal determination is phrased as whether or not the defendant=s will was overborne. 
See id.  This standard
contrasts with the standard of Martinez and Espinosa, in which
the concern is whether the promise was likely to induce a false
confession.  We address the test for
coercion below under our evaluation of appellant=s
federal claim.





[3]  Appellant also
points to answers given in a cross-examination in which the officer makes a
statement about whether or not he made such a promise.  Appellee counters that the specific testimony
appellant references came out later during the trial, not during the motion to
suppress.  However, this is a moot
point.  The officer=s trial testimony concerned what we can plainly see
and hear on the videotape.  Like the
Court of Criminal Appeals, we will not turn a blind eye to the videotape.  See Carmouche, 10 S.W.3d at 332.