

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00227-CR

BRIAN MCKEE ALDROW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 21,416-C, Honorable Ana Estevez, Presiding

June 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Brian McKee Aldrow appeals from his conviction of the offense of aggravated sexual assault of a child under six years of age[1] and the resulting sentence of thirty years of confinement.  Through one issue, appellant challenges the trial court's denial of his motion to suppress his oral and written statements.  We will affirm.

---

[1] TEX. PENAL CODE ANN. § 22.021 (West 2012).

Background

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we will recite only those facts pertinent to disposition of his appellate issue. After appellant was indicted for the first-degree felony offense, he plead not guilty and the case was tried before a jury. Appellant had given both a recorded oral statement and a written statement to Amarillo police. He filed a pretrial motion to suppress both statements. At the outset of trial, the trial court listened to the oral recording, heard argument and denied appellant's motion to suppress. The written statement and the oral recording, with some redactions, were admitted and published to the jury.

In his statements, appellant admitted that his then-girlfriend had, on one occasion in early 2010, placed his penis against the lips of a child whose date of birth was in December 2007. By the time police interviewed appellant, the woman had given a written statement admitting to sexual acts involving children, and had implicated appellant in the early 2010 event.[2] Early in his interview of appellant, the officer told him of the woman's statement inculpating appellant, and told him the officer believed she was telling the truth. Appellant acknowledged the event the woman had described, and told him he and she were engaged in sexual intercourse before the child entered the room, but initially said his penis "never got close" to the child's face. He said the woman tried to cause his penis to contact the child, but he "ended it and left."

---

[2] In her trial testimony, the woman said appellant "[tried] to have the child do oral sex on him." Appellant did not testify.

At the outset of the interview, the officer established that appellant had no significant criminal history, and that he had served in the military, including a two-year tour in Iraq. Later during the interview, the officer pointed out to appellant "positive stuff" that placed him in a more favorable light vis-à-vis his offense. He mentioned appellant's lack of a criminal history and his military service. But, the officer told appellant, police would be required to present the case to the district attorney. Emphasizing that he simply wanted to be able to present the truth concerning appellant's conduct, the officer outlined appellant's predicament. He reminded him that the woman had given a written statement in which she had implicated both of them, and that the victim might well make a statement. He concluded a jury was unlikely to believe appellant's denial in view of the contrary evidence. He told appellant that the case "doesn't have to go to trial," and that "I try to resolve cases at the lowest level." Appellant, at that point, interposed the statement that he was facing "jail time either way." The officer responded, "No. Not necessarily." The officer then for the second time noted that appellant was an "anomaly" because of his lack of criminal history and his military service. He said that "positive stuff" would be taken into consideration, and that people understand anyone can make a mistake.

The officer then brought appellant back to his denial of contact between his penis and the child. He told appellant he believed the woman was the instigator of the involvement with the child, that it was her hand that guided his penis, and that it

"brushed against" the child's lips before appellant could pull away. Appellant agreed that was what happened.[3]

The jury found appellant guilty as charged in the indictment. Punishment was assessed as noted and this appeal followed.

Analysis

Appellant's motion to suppress challenged the voluntariness of his statements. He points out he was being interrogated for the offense of sexual assault of a victim under the age of six, an offense requiring imprisonment on conviction. *See* TEX. PENAL CODE ANN. § 20.021(f)(1) (West 2012) (providing the minimum term for an offense under this section is increased to 25 years if the victim is younger than six years of age). Therefore, appellant asserts, the officer's statement that appellant did not necessarily face "jail time" was a misstatement of the law. The misstatement, appellant argues, was an "improper influence" which led to his confession of the crime, in violation of his due process rights.

At the hearing on a motion to suppress a statement on the ground of involuntariness, it is the State's burden to prove by a preponderance of the evidence that the defendant's statement was given voluntarily.[4] *Hernandez v. State,* 421 S.W.3d 712, 723 (Tex. App.—Amarillo 2014, no pet.). "A statement is obtained in violation of

---

[3] In a part of the interview not played for the jury, appellant also disclosed that his father had sexually abused him during his childhood. There also was conversation about explicit photographs appellant's former girlfriend had taken, some involving sexual contact with children, and forwarded to appellant. Police already had seized two cellphones from appellant, and the interviewing officer told appellant they would be analyzed to retrieve even deleted photographs.

[4] The statement of an accused may be used in evidence against him provided it was "freely and voluntarily made without compulsion or persuasion." TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2012).

constitutional due process only if the statement is causally related to coercive government misconduct." *Contreras v. State,* 312 S.W.3d 566, 574 (Tex. Crim. App. 2010) (*citing Colorado v. Connelly*, 479 U.S. 157, 163-64, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)). A statement is rendered involuntary if by the coercive conduct of law enforcement a person's will is overborne and his capacity for self-determination critically impaired. *Contreras,* 312 S.W.3d at 574 (*citing Schneckloth v. Bustamonte,* 412 U.S. 218, 225-26, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). Our review of the voluntariness of any statement from an accused is under the totality-of-circumstances standard. *Delao v. State,* 235 S.W.3d 235, 239 (Tex. Crim. App. 2007), (*citing Arizona v. Fulminante,* 499 U.S. 279, 285-86, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Assessing the totality of the circumstances concerns both the characteristics of the accused and the details of the interrogation. *Bustamonte*, 412 U.S. at 226. The ultimate question is whether appellant's will was overborne. *Creager v. State,* 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).

At trial and on appeal, appellant has pointed only to the asserted misstatement of law by the interviewing officer as evidence his ensuing confession to contact between his penis and the child's lips was not given voluntarily. The only evidence presented to the trial court in support of the motion to suppress was the audio-recording of the interrogation. Appellant does not assert, and the record does not indicate, any failure on the officer's part to comply with the requirements of Code of Criminal Procedure article 38.22 or *Miranda*. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2012); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 2817 (1966). Although a police officer brought appellant to the police station, the record does not indicate

appellant was under arrest during the interrogation. After receiving the required warnings, appellant told the officer he would talk to him and waive his right to remain silent. Nothing about appellant's characteristics at the time of the forty-eight minute interrogation or the general circumstances under which the interrogation was conducted show his decision to discuss his former girlfriend's allegations was less than free and voluntary. And there is no evidence showing how appellant perceived the officer's statement he was "not necessarily" facing "jail time," or what effect the statement actually had on appellant's decision to continue their discussion and eventually respond positively to the officer's inquiry about the nature of his contact with the child. Appellant's contention thus must be seen as asserting that the officer's misstatement of the law, made during an interrogation in which appellant otherwise voluntarily participated, rendered the inculpatory statements made after the officer's misstatement inadmissible.

The State first responds that the officer's statement was not incorrect. It points out the conduct appellant admitted could have led to a charge of indecency with a child,[5] a second degree felony, as to which an alternative to a jail term would have been possible. *See* TEX. PENAL CODE ANN. § 21.11 (West 2012) (describing offense of indecency with a child); TEX. CODE CRIM. PROC. ANN. art 42.12, § 5(a) (West 2013) (describing deferred adjudication by judge). We agree the trial court could have viewed the officer's statement in that light and concluded he had not misrepresented to appellant the possible consequences of his admission to contact with the child.

---

[5] As the State points out, while the officer told appellant at the outset of the interrogation that he was being interviewed in connection with the sexual assault of a child, the officer arrested appellant after the interview for indecency with a child.

6

Moreover, even if the officer's statement is viewed as a misstating of the law's requirements in the event appellant were convicted of the aggravated sexual assault offense, we would be unable to agree with appellant that, in the totality of the circumstances of his statements, the officer's conduct was so plainly coercive as to require the trial court to find appellant's will was overborne and his capacity for self-determination critically impaired. *See Contreras,* 312 S.W.3d at 574.

First, we keep in mind that under the totality of the circumstances test applicable here, the assertedly coercive police activity is not considered alone, but as a factor in the determination of voluntariness. *Hernandez,* 421 S.W.3d at 719, *citing Fulminante,* 499 U.S. at 285. As noted, appellant does not suggest that any factor other than the asserted misstatement of law itself supports his contention his statement was involuntary. In that regard, we also note that by the time appellant made the statement admitting contact with the child, he already had acknowledged the truthfulness of much of what the former girlfriend had said. Prior to the officer's asserted misstatement, appellant acknowledged that in the midst of their sexual activity, the woman led him in the direction of the child.

Second, the officer did not offer appellant any positive promise of leniency or of a beneficial outcome. *See Hernandez,* 421 S.W.3d at 723. The trial court reasonably could have seen the statement to appellant as one describing the officer's opinion of a possible scenario, not one that promised leniency in return for a confession. *Id.; see, e.g., Ramirez v. State,* 76 S.W.3d 121, 126-27 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd.) (holding that a detective's comment to a confessing suspect that "typically juries and the court system sometimes favor people [who] tell the truth" to be a

statement of opinion and not the kind of representation likely to be so influential that a defendant would feel compelled to confess untruthfully).[6]

Contrary to appellant's argument, we find that from its review of the audio recording of appellant's statement the trial court could have determined by a preponderance of the evidence that appellant's oral and written statements were freely and voluntarily given. The trial court did not abuse its discretion in overruling appellant's motion to suppress his statements.  We overrule appellant's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[6] Nor does the officer's statement meet the test outlined in *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004). Under that test, an improper inducement will render a confession inadmissible if (1) a promise of some benefit is made to the accused; (2) the promise is positive, (3) made or sanctioned by a person in authority and, (4) is of such an influential nature that it would cause a defendant to speak untruthfully. *Id.*