

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00299-CR

Robert **AGUILAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR12632
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  August 1, 2018

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in denying Robert Aguilar's motion to suppress his statement to police. Aguilar contends the trial court erred because he did not voluntarily waive his rights before giving the statement. We affirm the trial court's judgment.

### BACKGROUND

Aguilar was indicted for capital murder. Before trial, he moved to suppress the statements he made to Detective Lawrence Saiz confessing to his participation in the murder. At the pretrial

hearing, Aguilar's attorney argued his statement was not freely and voluntarily given because of the references he made to being in fear for his own safety and the safety of his family, and of the possibility that a hit was out on him. After the trial court watched approximately twenty-five minutes of the videotaped statement, which the attorney represented was the relevant portion of the statement, the State called Detective Saiz as a witness.

Detective Saiz testified he responded to Aguilar's question about how long they were going to be talking by stating they would be there as long as Aguilar wanted to be there. Detective Saiz also testified he never coerced or threatened Aguilar or directly or indirectly promised him anything, and Aguilar spoke with him freely and voluntarily. When Aguilar asked Detective Saiz what he would get out of giving his statement, Detective Saiz testified he told Aguilar there was nothing he could do. Detective Saiz agreed Aguilar was concerned about people knowing his whereabouts and the name of his family. Detective Saiz also agreed Aguilar believed there was a hit out on him and was worried about his life and the safety of his family. Detective Saiz's only response was to tell Aguilar he would try to contact his family, but he did not make any promises in exchange for Aguilar giving his statement. Detective Saiz agreed that a person named "Pelon" was the person who ordered the kidnapping and murder of the victim, and "Pelon" was part of a drug cartel, had not been arrested, and was believed to be in Mexico.

At the conclusion of the hearing, the trial court ruled Aguilar voluntarily waived his rights, finding the statement was the product of free and deliberate choice rather than any coercion or intimidation. The statement was admitted into evidence at trial, but the jury was instructed that it could only consider the statement if it found Aguilar knowingly, intelligently, and voluntarily waived his rights. The jury found Aguilar guilty of capital murder, and Aguilar was sentenced to life in prison.

## STANDARD OF REVIEW

"We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "At a motion to suppress hearing, the trial judge is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony." *Id.* at 190. "Therefore, we afford almost complete deference to the trial court in determining historical facts." *Id.* However, we review the trial court's application of the law to the facts de novo. *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017).

## DISCUSSION

Voluntariness is a factual determination that is assessed by considering the totality of the circumstances surrounding the statement. *Wyatt v. State*, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000); *Fineron v. State*, 201 S.W.3d 361, 365 (Tex. App.—El Paso 2006, no pet.). When a defendant alleges that he involuntarily waived his rights and made a statement, the totality of the circumstances that must be considered include the characteristics of the accused and the details of the interrogation. *Davis v. State*, 313 S.W.3d 317, 337 (Tex. Crim. App. 2010). "[F]or purposes of the Fifth Amendment, waiver of the privilege against compelled self-incrimination during custodial questioning can be deemed involuntary only if it is a product of official coercion, intimidation, or deception." *Leza v. State*, 351 S.W.3d 344, 352 (Tex. Crim. App. 2011). However, "a claim that a purported waiver of the *statutory* rights enumerated in Article 38.22 is involuntary need not be predicated on police overreaching." *Id.* (internal quotation omitted; emphasis in original). "Circumstances unattributable to the police that nevertheless adversely impact an accused's ability to resist reasonable police entreaties to waive his statutory rights, such as intoxication, are 'factors' in the voluntariness inquiry though they are usually not enough, by themselves, to render a statement inadmissible under Article 38.22." *Id.* (internal quotation

omitted). A promise only renders a confession invalid if the promise is "positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully." *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004).

Detective Saiz testified that he did not coerce or threaten Aguilar and that Aguilar voluntarily gave his statement. *See Leza*, 351 S.W.3d at 352 (relying on officer's testimony in holding statement was voluntarily given). "The trial judge reviewed the recording of the interrogation and could measure the [detective's] perceptions with respect to the voluntariness of the appellant's waiver for himself." *Id.* Although Aguilar expressed fear due to his association with a drug cartel and the actions the drug cartel could take, he took a long time deliberating about whether he should talk to the detective, thereby demonstrating the statement was the product of free and deliberate choice rather than intimidation, coercion, or deception. *See Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2016) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)) (noting waiver "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception"). Having reviewed the portion of the videotape Aguilar's attorney argued was relevant at the suppression hearing, we hold the trial court's finding that Aguilar voluntarily waived his rights "is supported by the record, and we defer to it." *Leza*, 351 S.W.3d at 353 (deferring to trial court's conclusion that waiver was voluntary when conclusion was supported by the record).

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH