COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-341-CR

 

 

STEVEN RUSSELL WIEDERHOLD                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Steven Russell
Wiederhold appeals from his conviction by a jury for the offense of
murder.  In five points, appellant argues
that the trial court erred by failing to suppress his confession in which he
admitted to conspiring to commit murder. 
We affirm.








II.  Background Facts

On June 9, 2003, the Lake
Dallas Police began investigating the disappearance of Denise Johnson.  Several days later, police  arrested appellant and three companions in
Wichita, Kansas.  The day after appellant
was arrested, Oklahoma police found Johnson=s body wrapped in plastic wrap and stuffed in a 55-gallon barrel with
a moving box over it near a highway. 
Texas Ranger Tracy Murphree interviewed appellant while he was in Kansas
and made a videotaped recording of the interview.    

Appellant was later charged
with murder and tampering with evidence. 
Appellant pled guilty to tampering with evidence and not guilty to
murder.  Appellant also filed a motion to
suppress the videotape, arguing that his confession was involuntary.  On July 19, 2004, the trial court held a Jackson
v. Denno[2]
hearing and overruled appellant=s pre-trial motion and later admitted the videotape into evidence over
appellant=s
objection.  A jury found appellant guilty
of murder and assessed his punishment at life imprisonment.  








III.  Motion to Suppress

In appellant=s first four points, he asserts that the trial court erred in failing
to suppress the videotaped confession because (1) the police engaged in
deception about the range of punishment, (2) the police made promises of  better cell conditions and that he wouldn=t be in custody for the rest of his Anatural born life,@ (3) the police took advantage of appellant because his children were
in custody, and (4) the police engaged in coercive conduct that resulted in
appellant=s confession
not being free and voluntary.  

A. 
Standard of Review








We review a trial court's
ruling on a motion to suppress evidence under a bifurcated standard of
review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court's decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999).  Therefore, we give almost total
deference to the trial court's rulings on (1) questions of historical fact and
(2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor.  Johnson v.
State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); State v. Balllman, 157
S.W.3d 65, 67 (Tex. App.CFort Worth
2005, pet. ref=d);
Harrison v. State, 144 S.W.3d 82, 85 (Tex. App.CFort Worth 2004, pet. granted); Best, 118 S.W.3d at
861-62.  However, when the trial court=s rulings do not turn on the credibility and demeanor of the witnesses,
we review de novo a trial court's rulings on mixed questions of law and
fact.  Johnson, 68 S.W.3d at
652-53.  

When the trial court does not
file findings of fact, we are to view the evidence in the Alight most favorable to the trial court=s ruling and assume that the trial court made implicit findings of
fact that support its ruling as long as those findings are supported by the
record.@  Ross, 32 S.W.3d at 856-58; Guzman, 955 S.W.2d at 89; State v.
Maldonado, No. 01-03-00774-CR, 2004 WL 2306703, at *2 (Tex. App.CHouston [1st Dist.] Oct. 14, 2004, no pet.). When the sole witness at
the motion to suppress hearing is the officer and the trial court filed
findings of fact and conclusions of law, as in this case, the only question
before us is whether the trial court properly applied the law to the facts it
found.  Ballman, 157 S.W.3d at 69;
see also Carmouche, 10 S.W.3d at 327-28; Guzman, 955 S.W.2d at
86-87, 89. 








In a Jackson v. Denno hearing,
the trial judge determines the admissibility of a confession, based on whether
or not the confession was voluntarily given and does not consider whether the
statement given by appellant was truthful or untruthful.  Jackson, 378 U.S. at 376, 84 S. Ct. at
1780; Dewberry v. State, 4 S.W.3d 735, 747 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1131 (2000); see also Lego v. Twomey,
404 U.S. 477, 485, 92 S. Ct. 619, 624‑25 (1972) (holding that whether
confession is true or false is irrelevant to voluntariness determination
because it is the methods used to extract confession that may violate
constitutional principles).  The trial
court is the sole fact‑finder at a Jackson v. Denno hearing and
may choose to believe or disbelieve any or all of the witnesses' testimony.[3]  If appellant=s confession was involuntarily obtained, the trial court errs by
admitting it at trial.  See Sossamon
v. State, 816 S.W.2d 340, 345 (Tex. Crim. App. 1991); see also Jackson,
378 U.S. at 376, 84 S. Ct. at 1780.  








B. 
Analysis

Alleged Deception about the
Range of Punishment








In his first point, appellant
argues that the police deceived him about the range of punishment for the crime
of conspiracy to commit murder. 
Specifically, appellant alleges that Ranger Murphree=s lie about the range of punishment gave appellant the false
assumption that he did not have much to lose and had a lot to gain by admitting
to the conspiracy charge.[4]  The record does not indicate that Ranger
Murphree used deception to entice appellant to confess to the crime.  See Jeffley v. State, 38 S.W.3d 847,
860 (Tex. App._Houston [14th Dist.] 2001, pet. ref=d).  Instead, the videotape
shows that appellant initiated the conversation about the difference between
murder and conspiracy to commit murder. 
Ranger Murphree stated that if someone helped to commit murder then that
is conspiracy, and the range of punishment is ten to twenty years, but it
wouldn=t be life.  Ranger Murphree told
appellant that conspiracy is a one degree lower charge than murder.  During the same conversation, Ranger Murphree
retracted his statement and told appellant that he honestly did not know about
the range of punishment.[5]  Thus, the evidence shows that there was no
deception by Ranger Murphree about the range of punishment for conspiracy to
commit murder.  Appellant=s first point is overruled.

Alleged Promises by Ranger
Murphree








In his second and third
points, appellant contends that the police made promises about better cell
conditions and him not being in prison for the rest of his Anatural born life,@ and his will was overborne by the police who took advantage of his
weak position caused by his children being in custody.  During the suppression hearing, appellant
argued that Ranger Murphree used promises to induce him to make an involuntary
statement of guilt in violation of the federal and state constitutional
standards.  Under federal law, courts must
focus on official coercion as it impacts the free will of the accused.  See Smith v. State, 779 S.W.2d 417,
427 (Tex. Crim. App. 1989).  The issue is
whether police interrogation techniques alleged to have been coercive, either
physically or psychologically, were of such a nature that any confession
thereby obtained was unlikely to have been the product of a rational intellect
and a free will.  Smith, 779
S.W.2d at 427; see also Griffin v. State, 765 S.W.2d 422, 428 (Tex.
Crim. App. 1989).  

Article 38.21 of the Texas
Code of Criminal Procedure states that Aa statement of an accused may be used in evidence against him if it
appears that the same was freely and voluntarily made without compulsion or
persuasion.@  Tex.
Code Crim. Proc. Ann. art. 38.21 (Vernon 2005); see also Penry v.
State, 903 S.W.2d 715, 744 (Tex. Crim. App.), cert. denied, 516 U.S.
977 (1995).  The court of criminal
appeals has held that a four-prong test must be met in order to render a
confession obtained by a promise of a benefit involuntary under this statute.  Sossaman, 816 S.W.2d at 345; see
also Fisher v. State, 379 S.W.2d 900, 902 (Tex. Crim. App. 1964).  The promise must be (1) of some benefit to
the defendant, (2) positive, (3) made or sanctioned by a person in authority,
and (4) of such character as would be likely to influence the defendant to
speak untruthfully. Henderson v. State, 962 S.W.2d 544, 564 (Tex. Crim.
App. 1997), cert. denied, 525 U.S. 978 (1998); see also Sossaman,
816 S.W.2d at 345; Fisher, 379 S.W.2d at 902.  








Appellant contends that
Ranger Murphree made three promises during the interview: (1) that he would get
better cell conditions, (2) that his children would be taken care of, and (3)
implicitly, that he would get less time in prison if he confessed.  Because the trial court filed findings of
fact and conclusions of law, we must examine whether the trial court properly
applied the law to these facts.  See
Ballman, 157 S.W.3d at 69. In its findings of fact, the trial court found
that the statements made by appellant were not the result of promises, threats,
or coercion by Ranger Murphree.

As for appellant=s first contention, the trial court found that appellant was concerned
about his accommodations, and Ranger Murphree indicated that appellant would
get better cell conditions; however, the trial court also found that this
representation was not of a nature that would cause appellant to make an
untruthful statement.  Indeed, Ranger
Murphree=s alleged promises were not of the type likely to make appellant
believe that his condition would be bettered by making a confession, even a
false confession.  See, e.g., Janecka
v. State, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996), cert. denied,
522 U.S. 825 (1997).  Whatever motive
appellant may have had to confess, on the facts of this case we fail to see how
the promise of better cell conditions would have Ainclined [appellant] to admit a crime he had not committed.@  Smith, 779 S.W.2d at
428.  Appellant could not have reasonably
believed that by confessing, he would have better accommodations than if he
said nothing and was later acquitted.








As for his second contention,
appellant was concerned about his children and wanted them taken back to
Texas.  The trial court found that Ranger
Murphree told him that his children would be taken care of and that appellant=s mother had been contacted.  In
its findings of fact, the trial court stated that Ranger Murphree=s statement was not of a nature that would cause appellant to make an
untruthful statement.  The videotape
shows that  appellant initiated the
conversation about his children. 
Appellant stated that he wanted his children taken out of Kansas and
placed with his mother.  Ranger Murphree
stated that they were already working on returning the children to Texas, that
appellant=s mother had
been contacted, and that the children were doing great. Appellant contends that
Ranger Murphree admitted that the reason that he promised appellant that his
children would be taken care of was to get appellant to talk further.  However, appellant takes the words out of
context.








During the interview,
appellant began talking about Denise=s son and unborn child. 
Appellant stated that Denise had said that she was going to have to give
up her son because she could not handle him anymore and was going to abort the
baby if appellant left her.  Ranger
Murphree repeatedly told appellant to tell him the truth.  He told appellant that if he was scared and
just trying to protect Denise=s son, then that is different than murder, and he believed that
appellant was just trying to protect the boy. 
A few minutes later, Ranger Murphree confronted appellant with the
evidence that he was connected to the murder and told him if it was an accident
or got out of control that is one thing, but if it was planned then it is
another.  

[DEFENSE
COUNSEL]:  And you didn=t
really believe the thing about him protecting his child, did you?

 

[RANGER
MURPHREE]:  No, I did not.

 

[DEFENSE
COUNSEL]:  So that really wasn=t the
truth, was it?

 

[RANGER
MURPHREE]:  No, it was not.

 

[DEFENSE
COUNSEL]:  That was something you
were saying to get him to talk further?

 

[RANGER
MURPHREE]:  That=s
correct.

 

It is apparent when examining
the record that when Ranger Murphree admitted that he was trying to get
appellant to talk further it was not in reference to his promise that appellant=s children would be taken care of, as appellant contends, but was
Ranger Murphree=s attempt to
look sympathetic towards appellant. 
Thus, we agree with the trial court that Ranger Murphree=s statement that appellant=s children would be taken care of was not of a character that would
have influenced appellant to speak untruthfully. 








As for his final contention,
appellant argues that Ranger Murphree made an implied promise that appellant
would get less time if he confessed. 
Appellant points to Ranger Murphree=s language to support his point. 
During the interview, Ranger Murphree moved his chair closer to
appellant and pointed his finger in appellant=s face and told him, Aif you want to put yourself in a position where you are not going to
go to the penitentiary for the rest of your natural born life, it is time to
come clean and tell me what happened.@  After reviewing the videotape,
it is apparent that this was not a promise, and Ranger Murphree did not tell
appellant that he would receive any leniency for confessing.

Further, Ranger Murphree was
trying to determine whether the death was accidental or not.  In its findings of fact, the trial court
found that Ranger Murphree=s statement was made during discussions between appellant and Ranger
Murphree about whether the murder was an accident.  In addition, the trial court found that
Ranger Murphree=s statement
was not a promise, nor was it of such a nature that it would cause appellant to
make an untruthful statement.  When
looking at the statement in context, we agree with the trial court that it did
not constitute a promise.  See Muniz
v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, 510
U.S. 837 (1993); Ramirez v. State, 76 S.W.3d 121, 126 (Tex. App._Houston
[14th Dist.] 2002, pet. ref=d).  Having determined that
Ranger Murphree did not make any promises to appellant during the interview, we
overrule appellant=s points two
and three.  

 

 








Coercive Conduct

In his fourth point,
appellant contends that Ranger Murphree engaged in coercive conduct of such a
nature that the statement was unlikely to have been the product of appellant=s free choice.  However,
appellant fails to cite any authority for this contention.  Nonetheless, in its findings of fact the
trial court found that appellant never indicated a reluctance to give a
statement and that his statement was not the result of threats or
coercion.  Additionally, at the
suppression hearing, Ranger Murphree testified that appellant indicated that he
wished to speak with him.  The record
supports the trial court=s finding
that appellant=s statement
was not the result of coercion; therefore, we overrule appellant=s fourth point.  See
Martinez v. State, 127 S.W.3d 792, 794, n.1 (Tex. Crim. App. 2004) (finding
no coercion in confession); Colgin v. State, 132 S.W.3d 526, 530 (Tex.
App._Houston [1st Dist.] 2004, pet. ref=d) (holding no coercion).

IV.  Trial Court=s Application of the Law








In his fifth point, appellant
contends that the trial court misapplied the law by considering the validity of
his confession instead of its voluntariness. Appellant points to the holding in
Martinez to support his contention. 
127 S.W.3d at 794-95.  In Martinez,
the court of criminal appeals stated that the truth or falsity of a confession
is irrelevant to a voluntariness determination; rather, the determination is
whether the officially sanctioned positive promise would be likely to influence
the appellant to speak untruthfully and not whether the appellant in fact spoke
untruthfully.  Id.; see also
Fisher, 379 S.W.2d at 902.  Appellant
points to the trial court=s wording at
the suppression hearing to support his contention that the trial court
determined whether his confession was valid rather than voluntary:

I=m going to find that even if
they were promises_ I=m not
even sure that they=re
promises_ that
I can=t say
that even if they were promises that they probably caused [appellant] to
testify or to make an untruthful statement. 

 

We do not agree with
appellant=s reading of
the trial court=s
statement.  The fourth prong of the Henderson
test requires the trial court to determine if the alleged promise is one
that is of such character as would be likely to influence the appellant to
speak untruthfully.  Henderson,
962 S.W.2d at 564.  It is apparent that
the trial court was merely using the wording from this test when denying
appellant=s motion to
suppress.  There is no evidence in the
record that indicates that the trial court examined the validity of appellant=s confession in making its determination. 








In the last sentence of his
brief, appellant asserts alternatively that the fourth prong of the Henderson
test unfairly shifts the burden to the defendant in violation of the Fifth and
Fourteenth Amendments of the United States Constitution.  However, we find that appellant did not properly
present this issue on appeal because he failed to provide any authority to
support his contention.  See Tex. R. App. P. 38.1(h); Armstead v.
State, 977 S.W.2d 791, 796 (Tex. App._Fort
Worth 1998, pet. ref=d).  Having determined that the trial court did
not misapply the law by considering the validity of the confession, we overrule
appellant=s fifth
point.

V.  Conclusion

Having overruled appellant=s five points, we affirm the judgment of the trial court.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
November 3, 2005











[1]See Tex. R. App. P. 47.4.





[2] 378
U.S. 368, 376, 84 S. Ct. 1774, 1780 (1964).





[3]Dewberry, 4
S.W.3d at 747-48; see also Green v. State, 934 S.W.2d 92, 98‑99
(Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); Johnson
v. State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990), cert. denied,
501 U.S. 1259 (1991), overruled on other grounds, Heitman v. State,
815 S.W.2d 681 (Tex. Crim. App. 1991).





[4]Appellant
was on trial for murder, not conspiracy to commit murder.





[5]Ranger
Murphree was correct about the high end of the range of punishment.  A second-degree felony carries a sentence of
not more than twenty years and not less than two years.  Tex.
Penal Code Ann. '
12.33 (Vernon 2003).  Conspiracy carries
a punishment of one category lower than the most serious felony that is the
object of the conspiracy; in this case, the most serious felony is murder which
is a first-degree felony.  Id. at ''
15.02(d), 19.02(c) (Vernon 2003).