NUMBER 13-05-309-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







RUBEN BORREGO
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 156th District Court


of Bee County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Ruben Borrego, was charged with one count of aggravated sexual
assault and two counts of indecency with a child. See Tex. Pen. Code Ann. § 21.11
(Vernon 2003), § 22.021 (Vernon 2003 and Supp. 2005). A jury found appellant
guilty on all three counts and assessed punishment at ninety-nine years' confinement
for the first count and ten years' confinement for each count of indecency, to be
served concurrently. By one point of error, appellant challenges the trial court's denial
of his motion to suppress. We affirm.

I. Background

 Appellant turned himself in to the Bee County Sheriff's Office on July 15, 2004,

after learning that a warrant had been issued for his arrest. Late that evening or the
following morning, Captain Daniel Caddell interviewed appellant in his office. Captain
Caddell read appellant his Miranda rights, and appellant initialed and signed a Miranda
waiver form. See Miranda v. Arizona, 384 U.S. 436, 468-69 (1966). During the
course of the interview, Captain Caddell asked appellant if he would prefer to give a
videotaped statement instead of a written statement. Appellant answered
affirmatively. Appellant was advised again of his Miranda rights during the video
recording, and he again signed and initialed a Miranda waiver form. Appellant made
several inculpatory statements which were recorded on video and on an audio compact
disc. Appellant filed a pretrial motion to suppress the video and audio recordings of
his statement, which the trial court denied.

II. Motion to Suppress

 By one point of error, appellant contends that the trial court violated appellant's
right to due process by denying his motion to suppress the evidence recorded on the
videotape and audio compact disc.


A. Standard of Review

 We apply a bifurcated standard of review to a trial court's denial of a motion to
suppress, giving great deference to the trial court's determination of historical facts
and reviewing de novo the trial court's application of the law. Maxwell v. State, 73
S.W.3d 278, 281 (Tex. Crim. App. 2002) (en banc). When a motion to suppress a
statement is based on a claim that the statement was involuntary, we give almost total
deference to the trial court's determination of historical facts, especially when the trial
court's fact findings are based on an evaluation of the credibility and demeanor of a
witness. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc);
Guzman v. State, 955 S.W.2d 88, 89 (Tex. Crim. App. 1977); Villarreal v. State, 61
S.W.3d 673, 678 (Tex. App.-Corpus Christi 2001, pet. ref'd). We review de novo
mixed questions of law and fact that do not turn on the credibility and demeanor of
a witness. Ross, 32 S.W.3d at 856 (citing Guzman, 955 S.W.2d at 89). 

 When the trial court does not make explicit findings of fact, we view the
evidence in the light most favorable to the trial court's ruling and assume the trial
court's implicit findings of fact support its ruling, so long as those facts are supported
by the record. Ross, 32 S.W.3d at 855 (citing Carmouche v. State, 10 S.W.3d 323,
328 (Tex. Crim. App. 2000)). If the trial court's decision is correct on any theory of
law applicable to the case, the decision will be sustained. Id. at 856 (citing Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)); Villarreal, 61 S.W.3d at
678.

B. The Law

 The Fourteenth Amendment to the United States Constitution prohibits the
admission of any confession obtained in a manner considered involuntary as a matter
of due process. See U.S. Const. amend. XIV; Jackson v. Denno, 378 U.S. 368, 376
(1964); Tovar v. State, 709 S.W.2d 25, 27 (Tex. App.-Corpus Christi 1986, no pet.). 
At a hearing to determine the admissibility of a confession, the burden of proof is on
the State to show by a preponderance of the evidence that the statement was given
voluntarily. Colorado v. Connelly, 479 U.S. 157, 169 (1986) (citing Lego v. Twomey,
404 U.S. 477, 489 (1972)). 

 Under the federal standard for voluntariness, the confession is analyzed to
determine whether a statement given to police was given voluntarily, or likely given
as a result of coercive police activity. Schneckloth v. Bustamonte, 412 U.S. 218, 225
(1973); Martinez v. State, 127 S.W.3d 792, 795 (Tex. Crim. App. 2004); Alvarado
v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995) (providing that a statement
is involuntary "only if there was official, coercive conduct of such a nature that any
statement obtained thereby was unlikely to have been the product of an essentially
free and unconstrained choice by its maker"). 

 Under Texas law, in order for a promise to render a confession invalid under the
Texas Code of Criminal Procedure, it must be (1) positive, (2) made or sanctioned by
someone in authority, and (3) of such an influential nature that it would cause a
defendant to speak untruthfully. Janecka v. State, 937 S.W.2d 456, 466 (Tex. Crim.
App. 1996); Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993) (en banc);
see Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 2005). To determine if the alleged
promise of a benefit was likely to influence a person to make false statements, an
appellate court considers whether the circumstances of the promise made the
defendant "inclined to admit a crime he didn't commit." Sossamon v. State, 816
S.W.2d 340, 345 (Tex. Crim. App. 1991) (en banc). Further, simple statements of
fact regarding how a confession can sometimes result in leniency do not render a
confession involuntary. See Muniz, 851 S.W.2d at 254.

C. Analysis

 Through his sole point of error, appellant contends the trial court violated his
due process rights by denying his motion to suppress the recorded statements because
the statements were involuntarily given. (1) Specifically, appellant contends that he was
induced into making the statements through promises made by Captain Caddell. We
disagree.

 Appellant asserts that Captain Caddell stated to him that "the [c]ourt likes
honesty and if there's any leniency shown, it is to a person that's honest," and that
this alleged "promise" had the effect of offering appellant what he thought was the
easy way out: a confession that would spare his family the shame and embarrassment
of dealing with a possible trial. Essentially, appellant asserts that this amounts to a
form of subtle mental coercion. See Thomas v. State, 723 S.W.2d 696, 704 (Tex.
Crim. App. 1986) (providing that mental coercion includes "the more subtle force" of
offering the defendant two choices, one of which results in a punishment of which
"the defendant is entitled to be free"). 

 We conclude, however, that a statement of fact, such as the one made by
Captain Caddell, is not a "promise" in the manner suggested by appellant, because it
was not of such an influential nature that it would cause a defendant to speak
untruthfully. Muniz, 851 S.W.2d at 254; see Tex. Code Crim. Proc. Ann. 38.21
(Vernon 2005). Additionally, Captain Caddell's statement did not amount to any form
of mental coercion because appellant has failed to demonstrate that "the party in
authority positively and unequivocally promised leniency in return for a confession." (2)
 
See Muniz, 851 S.W.2d at 254 (emphasis added). We conclude that the State met
its burden of proof at the suppression hearing, see Connelly, 479 U.S. at 169, and the
trial court could have found that appellant voluntarily made the statements at issue. 
Thus, the trial court properly denied appellant's motion to suppress. Appellant's sole
point of error is overruled.

III. Conclusion

 Accordingly, we affirm the judgment of the trial court. 


 NELDA RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 3rd day of August, 2006.
1. To the extent that appellant asserts, as a sub-issue, that (1) he did not voluntarily waive his
Miranda rights, Miranda v. Arizona, 384 U.S. 436, 468-69 (1966), or (2) he did not voluntarily make
the statements at issue because "he was not in the right frame of mind to voluntarily waive his
constitutional rights," we conclude the briefing is inadequate. See Tex. R. App. P. 38.1(h) (providing that
appellant's brief must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record). Therefore, said sub-issues are not before us.
2. We also note that appellant relies on Sterling v. State, 800 S.W.2d 513, 518-19 (Tex. Crim.
App. 1990), for the proposition that a promise of leniency is an "important factor in deciding against
[the] voluntariness" of a defendant's statement. Sterling, however, is distinguishable from the present
case, in that the defendant in Sterling was specifically told before he confessed that his statement might
be used "for or against" him. Id. at 518-19. The holding in Sterling turns on the "for or against"
language. See id. In the present case, appellant does not assert that Captain Caddell employed the "for
or against" language in relation to the statements at issue. Therefore, we conclude that Sterling does
not support appellant's proposition based on the facts of the case.