UNITED STATES of America, Appellee,

v.

**Josef John CASAL, Appellant.**

No. 89–5615.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1990.

Decided Oct. 8, 1990.

Gene R. Bushnell, Rapid City, S.D., for appellant.

Diana Ryan, Rapid City, S.D., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Josef John Casal appeals from his conviction of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (1988) and use of a firearm in the commission of a felony in violation of 18 U.S.C. § 924(c) (1988). He argues that the district court erred in admitting his confession, because at the time he made it he was under the influence of drugs, had not slept for five days, and was concerned about his pregnant girlfriend, who was upset and crying in the police station. He also argues that the district court[1] erred in denying a motion for a mistrial after a deputy sheriff testified that Casal said he did not use a note in robbing the bank because he had had a "bad experience with notes." He also argues that the district court erred in refusing to appoint an expert witness to testify on the effects of sleep deprivation and drugs on his mental state at the time of his confession and in refusing to grant a reduction in offense level under the Sentencing Guidelines for acceptance of responsibility. We affirm the judgment of the district court and the sentence of 322 months in prison.

On March 9, 1989, a man robbed the Rushmore State Bank by walking to the teller's window, pulling a gun out of a bag, and asking the teller to lay her money on the counter. The robber set the gun on the counter with his hand on it, although he did not hold the gun in his hand or put his finger on the trigger. The teller produced $14,000 in cash, and the man put the money in his bag and left. As the robber was leaving, the teller pushed a button and photographed him with a surveillance camera. The local newspaper published the picture, and Casal's former employer identified Casal as the person in the photograph. A computer search revealed that Casal was an escapee from California.

Law enforcement officers went to Casal's home, and as Casal's pregnant girlfriend opened the front door, Casal ran out. The police took the girlfriend to the sheriff's office and situated her on a bench, with someone to watch her. Police apprehended Casal later that night after a foot chase around the town. On his way into the interrogation room, Casal was taken by the bench where his girlfriend was sitting, and both Casal and the girlfriend became upset upon seeing each other. After he received *Miranda* warnings, Casal insisted on talking to the girlfriend before he would talk to the police. But, after talking to her, he made a detailed confession to the police describing how he committed the bank robbery and identifying himself as the person in the bank camera picture. At some point that evening (Casal says early on and the police say after the interrogation), Casal told the police that he had used methamphetamine that evening and had not slept in five days.

Casal was indicted and tried. The prosecution introduced the confession at his trial. A jury convicted him. At sentencing, the district court denied a two-level reduction of offense level for acceptance of responsibility and sentenced Casal to 322 months in prison.

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

## I.

Casal argues that the district court erred in admitting his confession into evidence. He argues that his confession was not voluntary because the police used coercive tactics, primarily maltreatment of his girlfriend, and because the facts that he had not slept for five days and was under the influence of drugs caused his will to be overborne.

■ We review the question of whether a confession is voluntary as a question of law subject to *de novo* consideration. *United States v. Bartlett*, 856 F.2d 1071, 1084–85 (8th Cir.1988). However, we review determination of the facts underlying this legal conclusion under the clearly erroneous standard. *Id.*

■ In determining the voluntariness of a confession, the district court must consider all the circumstances surrounding the giving of the confession, including the factors specifically listed in 18 U.S.C. § 3501(b) (1988).[2] *Id.* at 1085. Particularly important factors are "the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess." *United States v. Jorgensen*, 871 F.2d 725, 729 (8th Cir.1989).[3]

The district court found that at most an hour and a quarter elapsed between Casal's arrest and his confession; that the officers advised Casal of his *Miranda* rights; that Casal knew the nature of the offense he was suspected of at the time he confessed; and that Casal was experienced in criminal proceedings and knew that when *Miranda* rights were read, it was "time to get an attorney." Suppression Hearing (S.H.) at 142–43. The court found there was no state coercion, and in particular, no "psychological persuasion to get the defendant to talk." S.H. at 145. The court noted that Casal was 42 years old and "somewhat street-wise." S.H. at 145. The court particularly observed that Casal was asked about another offense and denied knowledge of it. S.H. at 142. In light of all these facts, the court held the confession was voluntary. S.H. at 147.

■ Casal argues that the district court's finding that there was no police misconduct was clearly erroneous. Casal argues that the police improperly used Casal's pregnant girlfriend as a "bargaining chip" to coerce a confession. Casal argues that the police took the girlfriend to the police station and kept her there, distraught and crying, to create emotional pressure on Casal. There was evidence that the police brought the girlfriend in to question her, S.H. at 7, and also evidence that they brought her to the station for her own safety to make sure she would not be caught in cross-fire when they caught Ca-

**2.** 18 U.S.C. § 3501(b) provides:

The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

**3.** The United States has argued that under the due process analysis of *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986), we should consider Casal's state of mind *only* if there was police misconduct. But in this case, as in *United States v. Bartlett*, 856 F.2d at 1085, the voluntariness inquiry is based on 18 U.S.C. § 3501 as well as due process. "In this regard, the second factor to be considered by the trial court in section 3501(b) is whether, at the time the confession was given, the defendant knew the nature of the offense with which he was charged or of which he was suspected. While this may indicate that something more is required under section 3051(b) [sic] than is required by the Due Process Clause, we need not decide that issue." 856 F.2d at 1085. In this case, as in *Bartlett*, we have considered the district court's findings in light of the section 3501 factors as well as the requirements of due process, and we hold that the district court did not err under either standard.

sal, S.H. at 27. Whether they brought her to the station to protect her or to question her, they did not attempt to recruit her to persuade Casal to confess or make any threats to Casal concerning her. There was ample evidence from which the court could have found that the police brought her to the station solely for a legitimate reason, rather than to influence Casal to confess.

Casal also argues that the police behaved improperly in interrogating him, because at the time of his arrest he had recently used methamphetamines and had not slept for five days. First, there was evidence that during the interrogation the police were not aware that Casal had used methamphetamines recently and had gone without sleep for five days. The officer who conducted the interrogation testified that Casal first informed police of the drug use at the end of the interview, S.H. at 21, and there was testimony that he did not mention to the interviewing officers that he had been up for five days until after the interview was over.[4] S.H. at 63, 64. Second, there was evidence that Casal did not act like an intoxicated person. When Casal informed the officers of his drug use, they remarked that he did not appear to them to "be on anything." S.H. at 23, 36, 46. Moreover, Casal demonstrated that he was able to say "no" to the officers when he refused to talk unless he was permitted to talk to his girlfriend first, S.H. at 9; denied knowledge of another crime he was questioned about, S.H. at 12; and refused to say where he had obtained the methamphetamines that were found in his house, S.H. at 16.

■ Intoxication and fatigue do not automatically render a confession involuntary; rather, the test is whether these mental impairments caused the defendant's will to be overborne. *See United States v. Givens,* 712 F.2d 1298, 1302 (8th Cir.1983), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1005, 79 L.Ed.2d 237 (1984); *United States v.*

*Brown,* 535 F.2d 424, 427 (8th Cir.1976); *United States v. Petary,* 857 F.2d 458, 461 (8th Cir.1988). In light of the testimony that Casal did not appear to be intoxicated and talked coherently (indeed, refusing to comply with various police requests), there was no clear error in finding him capable of making a voluntary statement.

■ We see no clear error in the district court's factual determination that there was no police coercion. On the facts found we conclude as a matter of law that in the totality of the circumstances, the confession was voluntary.[5]

## II.

■ Casal's second argument is that the district court erred in denying him a mistrial on the grounds that evidence of other crimes came before the jury improperly. The prosecution asked a deputy sheriff if he had asked Casal whether a note had been used in the robbery. The deputy said Casal answered that he did not use a note because he had had a "bad experience with notes." Tr. at 120. Casal moved for a mistrial on the grounds that the testimony was an inadmissible attempt to prove Casal's character by use of other crimes. *See* Fed.R.Evid. 404(b).

The denial of a motion for a mistrial is within the sound discretion of the district court, and we may reverse only on a showing of an abuse of discretion. *United States v. Pierce,* 792 F.2d 740, 742 (8th Cir.1986). Casal must show that the statement prejudiced him in the context of the entire trial to demonstrate an abuse of discretion. *Id.*

We are satisfied that the statement about the note had no significant prejudicial effect in the context of the entire trial. There was overwhelming evidence of guilt, including a photograph of a man identified as Casal robbing the bank and a detailed confession by Casal. There was no abuse of discretion in denying a mistrial.

---

4. The testimony on this issue was conflicting, since Casal testified that he mentioned early in the interview that he had been without sleep for five days. S.H. at 125.

5. Casal also argues without benefit of citation that the confession should have been suppressed due to police misconduct in entering his house without a warrant. This argument is not viable in light of *New York v. Harris,* —— U.S. ——, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990).

## III.

Casal argues that the district court erred in refusing his request for appointment of an expert psychiatrist to testify about his mental and physical condition at the time of the confession, specifically, the effect on him of prolonged sleeplessness and meth-amphetamines.

 The decision of whether to appoint an expert rests in the sound discretion of the court, and we will not reverse unless the court abused that discretion. *United States v. St. John,* 851 F.2d 1096, 1098 (8th Cir.1988). The district court held a hearing to determine whether appointment of an expert was necessary, and also considered the evidence adduced at the suppression hearing regarding the circumstances of confession. After hearing all of the evidence, the court concluded that appointment of an expert would not materially aid Casal's defense, *see St. John, id.,* and declined to appoint one. We see no abuse of discretion in the district court's ruling.

## IV.

 The district court rejected a request under the Sentencing Guidelines, § 3E1.1, for a two level reduction in offense level for acceptance of responsibility. In ruling, the court specifically relied on the fact that Casal ran away from the police, Sentencing Hearing at 5, and that "if [Casal] had not been caught ... they'd still be looking for [him]." Sentencing Hearing at 22. Casal argues that he should still receive the reduction because he offered to plead guilty to the bank robbery (but not the firearms charge), and because he voluntarily confessed to the crime immediately after his arrest.

We have stated in *United States v. Allen:*

> The Guidelines allow the District Court to adjust a defendant's base offense level downward if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." § 3E1.1....
>
> The sentencing judge is in a unique position to evaluate a defendant's accept-

ance of responsibility. His decision to depart or not is entitled to great deference on review, and *will not be disturbed unless it is without foundation.* Commentary to § 3E1.1, Section 5.

886 F.2d 143, 146 (8th Cir.1989) (emphasis added).

We have held it to be relevant to this guideline that a defendant *did not* voluntarily terminate his illegal conduct or surrender before arrest. *United States v. Cardenas,* 896 F.2d 317, 320-21 (8th Cir.1990); *United States v. Nunley,* 873 F.2d 182, 187 (8th Cir.1989); *United States v. Thompson,* 876 F.2d 1381, 1384 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989). Casal was apprehended only after having "been chased down in the middle of a snowstorm with guns," S.H. at 128, and the district court properly relied on this fact in denying him the acceptance of responsibility reduction.

We affirm the judgment of the district court.