19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Josef John CASAL, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3022.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 10, 1994.
Filed: March 23, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Josef John Casal, a federal inmate, appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 After a jury convicted Casal of bank robbery and use of a firearm in the commission of a felony, in violation of 18 U.S.C. Secs. 2113(a), (d) and 924(c), the district court sentenced him to 322 months imprisonment. We affirmed the judgment and sentence. United States v. Casal, 915 F.2d 1225 (8th Cir. 1990), cert. denied, 499 U.S. 941 (1991).
 
 
 3
 Relevant to this appeal, Casal asserted the following grounds for section 2255 relief: (1) his counsel was ineffective because he refused to allow Casal to testify on his own behalf, lacked criminal trial experience, and failed to provide adequate advice concerning the plea offer; (2) counsel had a conflict of interest, which resulted in his failure to aggressively question bank employees about the robbery, because he regularly transacted business at the bank; (3) the government withheld evidence of a photo lineup that was favorable to the defense; (4) the government selectively prosecuted Casal by adding the gun charge after he failed to accept a plea offer; and (5) the trial judge was biased in favor of the prosecutor, who had previously worked as the judge's law clerk.
 
 
 4
 The district court properly denied Casal's ineffective- assistance claims. Counsel is constitutionally ineffective when (1) counsel's representation falls below an objective standard of reasonableness, and (2) the errors are so prejudicial that the adversarial balance between defense and prosecution is upset, rendering the verdict suspect. Lockhart v. Fretwell, 113 S. Ct. 838, 842-43 (1993). We review counsel's performance deferentially and presume counsel to be competent. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). As the district court correctly noted, Casal's argument that his counsel precluded him from testifying on his own behalf lacks merit because even if counsel's performance in that regard was objectively unreasonable, Casal cannot show that his failure to testify rendered the trial fundamentally unfair. As we previously noted in Casal's direct appeal, "overwhelming evidence" supported the jury's guilty verdict. United States v. Casal, 915 F.2d at 1229. The district court also properly denied Casal's claims based on counsel's alleged lack of experience and failure to adequately advise about the plea offer, because Casal proffered only conclusory allegations and did not demonstrate prejudice. With regard to the plea negotiations, we note that Casal does not dispute that his counsel communicated and discussed the prosecution's offer.
 
 
 5
 The district court also properly denied the conflict-of-interest claim. To prevail on this issue, Casal needed to demonstrate that an actual conflict of interest adversely affected his lawyer's performance. See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). Although contending that his counsel failed to aggressively cross-examine bank witnesses, Casal failed to state what favorable information his counsel could have elicited.
 
 
 6
 The district court properly denied Casal's claim based on Brady v. Maryland, 373 U.S. 83 (1963). Under Brady, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." Id. at 87. The evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). In this instance, no Brady violation occurred because prior to trial the prosecution disclosed that it used Casal's photograph in a lineup in connection with the investigation of another robbery. See United States v. Manthei, 979 F.2d 124, 127 (8th Cir. 1992) ("Brady is only violated if evidence is discovered, after the trial, of information which had been known to the prosecution but unknown to the defense").
 
 
 7
 The district court properly denied Casal's selective-prosecution claim because he failed to demonstrate that the government singled him out based on an improper motive and that the government did not prosecute others similarly situated for similar conduct. See United States v. Ojala, 544 F.2d 940, 943 (8th Cir. 1976).
 
 
 8
 Finally, the district court properly rejected Casal's bias claim. Other than his bare assertion of bias, Casal cannot point to any references in the record which would demonstrate that the judge was biased in favor of the prosecution or demonstrate that there was a miscarriage of justice. Cf. United States v. Bosch, 951 F.2d 1546, 1548 (9th Cir. 1991), cert. denied, 112 S. Ct. 2975 (1992) (even where accused can point to some references in record suggesting close relationship between judge and prosecutor, relief properly denied absent showing of miscarriage of justice).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Marshall P. Young, United States Magistrate Judge for the District of South Dakota