**Opinion filed January 29, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00179-CR

_____

## STATE OF TEXAS, Appellant

## V.

## RAYMOND CASTRELLON, Appellee

**On Appeal from 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR-35692**

## M E M O R A N D U M   O P I N I O N

The State appeals from the trial court's ruling on Raymond Castrellon's motion to suppress. The trial court suppressed Castrellon's statements made to Officer Fernando Carrasco. We affirm.

*Background Facts*

Castrellon was in the Midland County Detention Center serving time for revocation of probation. Castrellon applied to serve his assessed jail confinement in the Midland County Jail Work Release Program. The program required him to perform work for the county under the supervision of the Community Work Program Supervisor and to be present for work from 7:30 a.m.

to 1:30 p.m. Castrellon's application confirmed that he understood that violating any terms or conditions of the program could result in the trial court revoking his participation in the program. Potential violations included failing to report to the program, departing from the program without permission, and failing to perform the work assigned.

On January 28, 2009, Castrellon was working in the work release program under Officer Carrasco's supervision. That day, the work crew had lunch in the work release program building. Officer Carrasco allowed Castrellon and two other inmates to go to Castrellon's pickup for a smoke break. Officer Carrasco testified that he was alerted that something was going on outside, and he went outside to check on the situation. He testified that, as he approached Castrellon's pickup, he could smell what he believed to be marihuana coming from the vehicle. Officer Carrasco testified that he asked what was going on and that one inmate replied that they were listening to the radio and smoking cigarettes. He ordered Castrellon and the other inmates to get out of the pickup and to go inside the work release program building. Castrellon entered the work release program building and sat on a bench. Officer Carrasco testified that he asked Castrellon what was going on in the pickup. His testimony was as follows:

> A. He sat down on the bench that we provide for them. He sat down, and I asked him. I said, "Well, what was going on?"
>
> Q. And did he reply?
>
> A. What he did, he sat there, and he shook his head. He said, you know – if I recall, he told me he wasn't going to go get in trouble for anyone and that, you know, he just – "I'm not going to get in trouble for anyone," he said.
>
> I told him, "Well, what was going on?" I said, "If you don't tell me" – I said, "You know, I know what I smelt. Tell me what's going on, or, you know, we can place you in jail."

Officer Carrasco testified that Castrellon told him, "I'm not going to go to jail for those fools." Officer Carrasco further testified that Castrellon said, "Dope was being smoked in the pickup truck and that Inmate Pruitt was the one that had it on his person."[1] Officer Carrasco's interview with

---

[1] We note that Castrellon's statements were not inculpatory as he did not admit to smoking marihuana or having marihuana in his possession.

2

Castrellon lasted about five minutes. After Officer Carrasco finished talking with Castrellon, he questioned the other two inmates. Castrellon walked outside and paced the length of the building. Officer Carrasco did not advise Castrellon of his *Miranda*[2] rights, and he did not audiotape or videotape the interview.

Castrellon was indicted for possession of a dangerous drug, namely marihuana, in a correctional facility. Castrellon filed a motion to suppress his statements made to Officer Carrasco. After a hearing, the trial court suppressed the statements, stating in its conclusions of law that:

(1)     Castrellon was in custody when Officer Carrasco conducted his investigation;

(2)     Castrellon's rights against self-incrimination were violated under *Miranda* and TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (Vernon 2005); and

(3)     Castrellon's statements were not voluntary because they were coerced by Officer Carrasco's threat to take Castrellon to jail if he did not tell Officer Carrasco what was going on.

### *State's Right to Appeal*

The State asserts that it has the right to appeal the trial court's ruling on Castrellon's motion to suppress. The State has limited rights of appeal in criminal cases. TEX. CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp. 2009). The State is entitled to appeal an order of a court in a criminal case if the order grants a motion to suppress evidence, if jeopardy has not attached, and if the prosecutor certifies to the trial court that the appeal is not taken for the purpose of delay and that the suppressed evidence is of substantial importance to the case. Article 44.01(a)(5). The State asserts in its brief that Castrellon's suppressed statement was evidence that was substantially important to its case. Castrellon does not challenge the State's right to appeal. We, therefore, find that the State has a right to appeal this case and will discuss its issues below.

### *Issues on Appeal*

In its second and third issues, the State asserts that the trial court erred by finding that Castrellon was in custody and undergoing an interrogation and thereby requiring compliance with TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005) and *Miranda*, 384 U.S. 436. The State also

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

asserts that the trial court erred by finding that Castrellon was threatened or coerced into making his statements to Officer Carrasco.

*Standard of Review*

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable to the case, the reviewing court will sustain the trial court's findings. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). We also must afford great deference to the trial court's rulings on mixed questions of law and fact if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. Appellate courts, however, conduct de novo review on "mixed questions of law and fact" not falling within the previous category. *Id.* A question "turns" on an evaluation of credibility and demeanor when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue. *Loserth v. State*, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998).

*Voluntariness of Statement*

Once an accused presents evidence that raises the issue of voluntariness, the State must prove, by a preponderance of the evidence, that the statement was voluntarily made. *State v. Terrazas*, 4 S.W.3d 720 (Tex. Crim. App. 1999). A statement is involuntary if there was official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker. *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995). To determine if the confession was voluntary, the reviewing court must examine the totality of the circumstances surrounding the acquisition of the statement to determine whether it was given voluntarily. *Id.* Without coercive police conduct causally related to the confession, there is no basis for concluding that any state actor has deprived a criminal defendant of due process of law. *Colorado v. Connelly*, 479 U.S. 157, 164 (1986). A court should examine the circumstances surrounding the confession, including the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess. *United States v. Casal*, 915 F.2d 1225, 1228 (8th Cir. 1990). A confession cannot be used where the prisoner has been

4

influenced by any threat because the law cannot measure the force of the influence used. *Martinez v. State*, 127 S.W.3d 792, 796 (Tex. Crim. App. 2004) (citing *Bram v. United States*, 168 U.S. 532, 542-43 (1897)). The ultimate question to determine voluntariness is "whether the suspect's will was overborne" by the conduct of the state actor. *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). Some relevant circumstances include the length of the detention and interrogation, whether the defendant was permitted access to his family or attorney, and the presence or absence of physical brutality. *Gomes v. State*, 9 S.W.3d 373, 377 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (citing *Armstrong v. State*, 718 S.W.2d 686 (Tex. Crim. App. 1985), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998)). A defendant's characteristics and status, as well as the conduct of the police, are also important concerns. *Haynes v. Washington*, 373 U.S. 503, 517 (1963).

The State argues that Castrellon's statements were voluntary because he was only interviewed for five minutes, that Officer Carrasco's demeanor was polite and respectful, that Officer Carrasco did not point a gun at Castrellon or handcuff him, and that Castrellon did not ask to speak to a lawyer or ask to visit with family members. The State also argues that Castrellon signed an application to participate in the work release program whereby he agreed to follow the rules of the program. The State, however, fails to address Officer Carrasco's threat to put Castrellon in jail. Courts have held that a defendant's statement was coerced by a verbal threat alone and not physical brutality. *See Lynumn v. Illinois*, 372 U.S. 528, 531 (1963) (confession involuntary when police told suspect confession would produce help and recommendation of leniency, but denial would result in loss of welfare payments and custody of children); *Rogers v. Richmond*, 365 U.S. 534, 535 (1961) (confession involuntary when police told suspect they would take his wife into custody).

Because of Castrellon's status as an inmate participating in the work release program and the conduct of Officer Carrasco, we conclude that the trial court did not abuse its discretion by finding that Castrellon was coerced into making the statements to Officer Carrasco. Even though Officer Carrasco did not use a gun or handcuffs and spoke in a polite tone, Castrellon was threatened with jail if he did not give a statement. Castrellon testified that he did not think that he could leave until he told Officer Carrasco what happened outside. He further testified that he believed that, if he did not talk to Officer Carrasco, he would be put in jail. Castrellon knew that Officer Carrasco

possessed some authority over him, and he believed that he could go to jail if he did not talk to Officer Carrasco. Castrellon's statement – "I'm not going to jail for those fools" – indicated that the only reason he told Officer Carrasco what was going on was that he did not want to go to jail. The evidence supports a conclusion that Castrellon's will was overborne by Officer Carrasco's threat to take him to jail.

Further, the State argues that Castrellon knew that he could go to jail if he did not follow the rules of the work release program because he signed the application to do the work release program. However, the application did not specify that answering any questions asked by the police or the officer in charge was one of the rules of the program or that, by applying for the work release program, he was waiving his right to remain silent. We decline to hold that Castrellon's constitutional rights against self-incrimination were limited as a result of his participation in the work release program.

The evidence that we have outlined above, viewed in the light most favorable to the trial court's ruling, supports the trial court's finding that Castrellon's statements were not voluntary. The trial court did not err when it granted Castrellon's motion to suppress. We overrule the State's third issue on appeal. Because the trial court did not abuse its discretion in concluding that the statements were not voluntarily given, the statements were properly suppressed for that reason, and we need not address the State's other two issues.

*Conclusion*

We affirm the trial court's order.


RICK STRANGE
JUSTICE


January 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6